7205

BERRY v. VIRGINIA STATE INSURANCE CO.

1. JURISDICTION.—A FOREIGN INSURANCE COMPANY may be sued in any county in the State which the plaintiff may elect, and that a defendant is a foreign corporation may be inferred from allegations in the answer and its name.

2. INSURANCE—WAIVER.—A statement by an agent to the insured at issuance of policy that the iron safe clause in the policy was not insisted on for small stores, is evidence of waiver.

3. EVIDENCE—TRANSACTIONS WITH DECEDENT.—Section 400 of Code does not apply to statements made by agent since deceased to insured in suit by insured on policy.

4. INSURANCE—LOSS—CONTRACT.—An agreement on part of insured that his loss should be fixed at a certain sum in proofs of loss in case it be paid at once is not binding unless payment be made or tendered.

5. IBID.—INTEREST.—Where an insurance policy provides that loss shall be due and payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by the insurer, verdict for loss should only begin to draw interest from such time.

Before DeVORE, J., Saluda, August, 1908.    Modified.

Action by M. W. Berry against Virginia State Insurance Company.    From judgment for plaintiff, defendant appeals.

*Messrs. Blease & Dominick,* for appellant, cite: *Declarations of deceased agent not admissible:* 79 S. C., 499. *Saluda Court had no jurisdiction:* 25 Stat., 111; 79 S. C., 557; 19 S. C., 218; 74 S. C., 440; 25 S. C., 387; 28 S. C., 313; 74 S. C., 69.

*Mr. Barnard B. Evans,* contra, cites: *Agreement to fix value at $400 void because not fulfilled:* 38 S. C., 199. *Conditions of iron safe were waived:* 80 S. C., 382, 407; 65 S. C., 259. *Saluda Court had jurisdiction:* 31 S. C., 360; 32 S. C., 102; 35 S. C., 372; 79 S. C., 502, 555; 37 S. C., 407; 80 S. C., 362, 382, 407; 69 S. C., 278; 2 Ency. P. & P., 621.

June 1, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, Virginia State Insurance Company, appeals from a judgment of seven hundred and seventy-nine dollars and eighty cents, recovered by the plaintiff on a fire insurance policy. The action was brought and the judgment entered in Saluda county, where the plaintiff now resides.

The policy was issued by defendant's agent in Newberry county, in which county the insured property was situated and in which the plaintiff resided at the time of the fire. There was no evidence that the defendant had an agent in Saluda county. Under these facts the defendant, relying on the case of *Nixon* v. *Piedmont Ins. Co.,* 74 S. C., 438, 54 S. E., 657, submits that the Court of Common Pleas of Saluda county was without jurisdiction of the action. The cases cited and others like it involved the question of the proper county for the trial of actions against domestic corporations, and they have no application to such question affecting foreign corporations. An action against a non-resident may be brought in any county which the plaintiff may designate. Code of Procedure, sec. 146. It is true the pleadings do not show by direct allegation that the defendant is a foreign corporation, nor is there any direct evidence on that point, but from the allegations of the answer it may be inferred the defendant is a foreign corporation. The name of the defendant, Virginia State Insurance Company, gives some indication that it is a corporation of the State of Virginia; and this fact is

still more clearly shown by the allegation of the answer, that in the Courts of Virginia certain creditors of the plaintiff had attached the debt due to him by the defendant.

There is no doubt that the plaintiff violated the iron safe clause of the policy, for he did not use a safe nor keep the books required by the policy; nor keep such books as he had in a place not exposed to the fire which destroyed the insured property. This violation of the terms of the policy gave rise to the issue whether the defendant had waived these requirements. Mr. Tyree, the agent who issued the policy, died before the trial, but the plaintiff testified that when the policy was issued he told the agent that he had no iron safe, and the agent replied the iron safe clause was not carried out by all the small stores. The plaintiff's store was a small one, the stock of goods being valued at about $2,000. This was some evidence tending to show that the agent of the defendant threw the plaintiff off his guard and took his money for the premium, leading him to believe that compliance with the iron safe clause would not be expected. A statement to the policyholder by an agent of the insurer, made at the time of the issuance of the policy and receipt of the premium, to the effect that a condition of the policy will not be insisted on, is evidence of waiver or estoppel. *Pearlstine* v. *Ins. Co.*, 74 S. C., 250, 54 S. E., 372; *Fludd* v. *Ins. Co.*, 75 S. C., 315, 55 S. E., 762. There was, therefore, no error in refusing a nonsuit because of the failure to comply with the iron safe clause of the policy.

The objection, under section 400 of the Code of Procedure, to the testimony of the plaintiff as to the statements made to him by Tyree, the deceased agent of defendant, is not well taken. The defendant is not defending the action as "executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor" of Tyree, and, therefore, section 400 of the Code does not apply.

The next position taken by defendant is that the recovery could not in any event be greater than four hundred dollars, because the plaintiff had agreed to accept that sum; and that even from this sum should be deducted the amount of certain attachments sued out in Virginia. The evidence is clear to the effect that the plaintiff agreed that the demand inserted in the proof of loss by the adjuster should be four hundred dollars, on condition that immediate payment should be made. The defendant failed to pay any · amount. It is, therefore, clear there was evidence warranting the Circuit Court in submitting to the jury the issue whether the plaintiff was bound by the amount set out and demanded in the proof of loss. The evidence that the defendant's agent said the payment was not made because of attachments in Virginia could not affect the question, for the reason that no attachment proceedings were introduced in evidence and the plaintiff denied that the defendant had ever offered to pay the four hundred dollars, less the amount of the attachments. The exceptions on this point are overruled.

The verdict, however, included interest from the 1st January, 1907, the date of the fire, and was excessive in this respect. By its terms the policy is "payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by the company." The estimate and proof of loss was dated 26th March, 1907, and the insurance became due by the terms of the policy sixty days thereafter. The verdict should, therefore, have included interest from 25th May, 1907, and not from 1st January, 1907.

The judgment of this Court is, that the judgment be affirmed on condition that within ten days after the filing of the remittitur the plaintiff remit from the judgment by proper endorsement thereon the excess of interest, amounting to nineteen dollars and seventy-three cents; and that

upon failure of the plaintiff to make such endorsement that the judgment be reversed and that the defendant have a new trial.