11806

COLUMBIA REAL ESTATE & TRUST CO. v. ROYAL EXCHANGE
ASSURANCE, AND THREE OTHER CASES

(128 S. E., 865)

1. INSURANCE—EXTENT OF RECOVERY UNDER STATUTE FOR PARTIAL
LOSS BY FIRE STATED.—Under Civ. Code 1922, § 4095, declaring
one insured against fire entitled to recover "a proportionate amount

428  Cola. R. E. & T. Co. v. Royal Ex. Assurance

Circuit Decree                          [132 S. C.

in case of partial loss," where property insured for $7,500 was actually worth $25,000, though policies recited that it had a value of $9,000, was damaged to extent of $12,500, insured was entitled to recover full face of policies, such amount being less than actual loss, quoted language meaning proportion of insurance that actual loss bears to amount of insurance rather than proportion that actual loss bears to actual value.

2. Insurance—At Common Law, Insured, in Case of Partial Loss, is Entitled to Recover Indemnity to Extent of Actual Loss, not to Exceed Amount of Policy.—At common law, insured, in case of partial loss, is entitled to recover indemnity to extent of actual loss, not to exceed amount of policy.

3. Statutes—There is Strong Presumption That Legislature Did not Intend to Change Common-Law Rule by Enacting Statute. —There is strong presumption that Legislature did not intend to change common-law rule by enacting statute.

4. Insurance—Arbitration Agreement, Attempting to Change Measure of Recovery for Partial Loss Fixed by Statute, Ineffective.—Arbitration agreement, attempting to change measure of recovery for partial loss laid down by Civ. Code 1922, § 4095, would be ineffective.

5. Insurance—Interest on Amount of Fire Loss Held Recoverable From Date 60 Days After Filing Proofs of Loss.—Interest on amount of fire loss held recoverable from date 60 days after filing proofs of loss.

Before Shipp, J., Richland, April, 1923.    Affirmed.

Action by the Columbia Real Estate & Trust Company against the Royal Exchange Assurance, the London & Lancashire Fire Insurance Company, the Royal Insurance Company, the Insurance Company of North America and the Fire Association of Philadelphia.   Judgments for plaintiff and defendants appeal.

The opinion of the Circuit Judge was as follows:

These four cases were heard before me at the April term of Common Pleas for Richland County, a jury trial being waived.

Plaintiff had four policies with defendants, for $10,000, $5,000, $5,000, and $7,500, respectively, making a total of $27,500 on two separate buildings, the Berkeley Apartments and Craven Hall, prorated $20,000 to the former and

$7,500 to the latter. By a fire of March 5, 1922, actual damage of $12,047.75 was done Craven Hall, but it was not totally destroyed. The fire did not reach the Berkeley Apartments.

The policies stated that the agreed value of Craven Hall was $9,000, and permitted the $7,500 of insurance to be carried on it. No question is raised as to the amount of contribution to be made by each company, as all concede that eight-elevenths of each policy applies to the Berkeley Apartments, and three-elevenths to Craven Hall.

The two appraisers and umpire, under an agreement signed March 15th, agreed that the actual loss and damage to Craven Hall was $12,047.75 and the sound value $25,-335.20. There is no dispute that these figures are correct. Plaintiff, in proofs of loss filed May 2, 1922, claimed from each defendant its *pro rata* share of the $7,500 insurance in effect, and now sues them for this.

The case may be succinctly stated (using approximate figures for simplicity) in this way: A building of the actual value of $25,000 is actually damaged $12,500. The value of the building stated in the policy is $9,000, and the amount of the insurance fixed in the policy and actually carried is $7,500. How much can insured recover? Defendants contend that under Section 4095, Code, 1922, plaintiff can recover only that proportion of the insurance that the actual loss and damage ($12,500), bears to the actual value ($25,000) ; that is, one-half of the insurance (using the approximate figures).

It seems clear to me that when the Legislature (Section 4095, Code, 1922), says "and a proportionate amount in case of partial loss," it means the proportion of the insurance that the actual loss bears to the amount of insurance. In other words, it means that in case of partial loss the company is to pay the actual loss up to the amount of its policy. Of course, if the actual loss is less than the face of the policy, the company pays only the actual

loss.   If the loss equals or exceeds the face of the policy, insured should recover up to the amount of this policy.

The policy contract is in fact one of indemnity against actual loss and damage by fire, and it remains such since the statute.   The fixation of value by the statute makes the contract no less one of indemnity.   *Cave v. Insurance Co.,* 57 S. C., 354; 35 S. E., 577; 1 Joyce on Insurance (2d Ed.) § 25.

Defendants concede that under their contention insured can never recover the full amount of his partial loss even when less than his insurance.   This is a concession that their construction of the statute causes the contract to cease to be one of indemnity.

The common-law rule is, that in case of partial loss, 2, 3 insured can recover indemnity for the actual loss sustained, not to exceed the amount of his policy. 14 R. C. L., p. 1301, § 475.   There is a very strong presumption that the Legislature did not intend by this statute to change the common-law rule (25 R. C. L., p. 1054, § 280), and my construction makes it reach the same result.

Insured can recover only money to compensate him for the actual loss sustained.   He cannot recover any portion of his building.   The actual value of the building cannot be used as a basis for the proportion, because the statute forbids it (*Cave v. Insurance Co.,* 57 S. C., 356; 35 S. E., 577), and there is no distribution or apportionment of the insurance to any portion or percentage of the building (*Kinzer v. Insurance Co.,* 88 Kan., 93; 127 P., 762; 43 L. R. A. (N. S.), 121.   *Nicolet v. Insurance Co.,* 3 La., 366; 23 Am. Dec., 458.

To hold that this statute changes the contract of insurance to such an extent that insured cannot recover the amount of his actual loss and damage, although his contract calls for it and he has paid for this protection, would be "against common reason."   The Court should not impute any such intention to the Legislature, but will give the am-

biguous statute such a construction "as will be consistent with justice and the dictates of natural reason." *Ham v. McClaws,* 1 Bay, 93, 98.

The diligence of counsel, evidenced by comprehensive briefs filed with me, has failed to locate a single decision in any jurisdiction construing a statute with exactly similar language. The result, however, of the statutes of a number of states covering the general subject-matter of valued policies is the same as that reached by me. While these decisions are not exactly in point, it is persuasive that they follow the common-law rule in cases of partial loss, and seem to vindicate the essential justice of such a conclusion. *Seyk v. Insurance Co.,* 74 Wis., 67; 41 N. W., 443; 3 L. R. A., 524. *German Co. v. Eddy,* 36 Neb., 461; 54 N. W., 856; 19 L. R. A., 709. *Queen Co. v. Leslie,* 47 Ohio St., 409; 24 N. E., 1072; 9 L. R. A., 45. *Dugger v. Insurance Co.,* 95 Tenn., 245; 32 S. W., 5; 28 L. R. A., 796. *Lancashire Ins. Co. v. Bush,* 60 Neb., 116; 82 N. W., 313. *Oppenheim v. Insurance Co.,* 119 Minn., 417; 138 N. W., 777. *Sachs v. Insurance Co.,* 114 Ky., 88; 67 S. W., 23.

Defendants further contend that insured is bound to the actual value of $25,000 by the arbitration agreement. By its express provision this does not "determine, waive or invalidate any other right or rights of either party." If it attempted to change the measure of damages laid down by the statute, it would, of course, be ineffective. *Seyk v. Insurance Co.,* 74 Wis., 67; 41 N. W., 443; 3 L. R. A., 523. *Queen Ins. Co. v. Leslie,* 47 Ohio St., 409; 24 N. E., 1072; 9 L. R. A., 45. *German Co. v. Eddy,* 36 Neb., 461; 54 N. W., 856; 19 L. R. A., 707.

Plaintiff is entitled to interest at 7 per cent. from July 2, 1922, 60 days after filing proofs of loss. *Cave v. Insurance Co.,* 57 S. C., 358; 35 S. E., 577. *Berry v. Insurance Co.,* 83 S. C., 16; 64 S. E., 859.

The order directed a judgment against each of the defendant companies for the full amount of insurance that

432   Cola. R. E. & T. Co. *v.* Royal Ex. Assurance

| Opinion | [132 S. C. |

each company had upon the buildings, besides interest thereon and costs, making the total principal sum of $7,500, and said judgments were duly entered in the Clerk's office of said Court for said amounts, interest, and costs on the 11th day of August, 1923.

In due time, the defendants served notice of their intention to appeal from said order and the judgments entered thereon.

*Messrs. John T. Seibels* and *Spalding, MacDougald & Sibley* and *Smith; Hammond & Smith,* for appellants, cite: *Valued policy law:* Civ. Code, 1922, Sec. 4095. *Recovery for partial loss:* 126 S. C., 198; 119 S. E., 191; 32 L. R. A., 648; 54 Ill., 513; 5 Am. Rep., 162; 145 Fed., 713; 100 Fed., 304; 104 N. Y. S., 434; 68 Fed., 923; 4 Cooley's Briefs on Law of Ins., 3063; 71 Ala., 473; 5 Minn., 53. *Statutes in derogation of common law:* 25 R. C. L., 1054. *Cases distinguished:* Rev. Stat. of Mo., 1889, Sec. 5899; 138 N. W., 777; 23 Am. Dec., 458; 43 L. R. A. (N. S.), 121; 28 L. R. A., 796; 19 L. R. A., 709; 9 L. R. A., 45; 3 L. R. A., 523; 67 S. W., 23; 183 N. W., 777; 82 N. W., 313; 1 Joyce, Sec. 25; 57 S. C., 354; 35 S. E., 577.

*Mr. J. B. S. Lyles,* for respondent, cites: *Recovery for partial loss:* 126 S. C., 198; 119 S. E., 191; 32 L. R. A., 648; 43 L. R. A. (N. S.), 121; 23 Am. Dec., 458. *Construction of statutes:* 1 S. C. L., 93. *Value in policy governs:* 57 S. C., 356.

July 20, 1925.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

Upon the authority of the case of *Parnell v. Orient Ins. Co.,* 126 S. C., 198; 119 S. E., 191; 32 A. L. R., 648, and for the reasons assigned by his Honor, the Circuit Judge, herein, the judgments of the Circuit Court are affirmed.

Mr. Justice Watts and Mr. Acting Associate Justice R. O. Purdy concur.

Cola. R. E. & T. Co. v. Royal Ex. Assurance 433

427]                    Spring Term, 1924

Mr. Justice Cothran (dissenting): These four cases were tried together before his Honor, Judge Shipp, Circuit Judge, without a jury. In each case the plaintiff sought to recover from the insurance company, defendant, its contributive part of the total insurance, $7,500, carried by the four companies upon a building in the City of Columbia, known as Craven Hall, which was partially destroyed by fire during the lives of the policies, and damaged in an amount exceeding the amount of the total insurance.

There is practically no dispute as to the facts, and no contest as to the liability of each company for some amount, or as to the distribution of the loss among the several companies upon its ascertainment; the contest is over the ascertainment of the loss.

The plaintiff claims the entire amount of the insurance, $7,500; the defendants contend that, under the "valued policy" statute of this State, they are not liable for the full amount of the insurance, but only for such proportion of it as the amount of the partial loss bears to the sound value of the building before the fire, or, expressed in mathematical terms, the sound value is to the amount of the partial loss as the amount of insurance carried is to the amount to be recovered.

The ascertainment of the two items, the sound value and the amount of the actual loss, was submitted, under the policy, to appraisers, who reported, sound value $25,335.20; actual loss $12,047.75. The ratio of actual loss to sound value was, therefore, 47.55 per cent. No objection appears to have been raised to the report of the appraisers. The amount of the insurance was, as stated, $7,500, and the contention of the insurance companies is that they are liable only for 47.55 per cent. thereof, $3,566.25, distributable among them according to the several amounts of the policies. The plaintiff, on the other hand, contends: "In case of partial loss, insured can recover such proportion of the insurance as the amount of his actual loss bears to the amount

of his insurance limited by the amount of his insurance. In other words, the common-law rule, the actual loss sustained, not exceeding the amount of the policy"; and consequently, it being shown that the insured sustained a loss of $12,-047.75, which is more than 100 per cent. of the insurance, the insured is entitled to the whole of the amount of insurance, $7,500.

The Circuit Judge sustained the contention of the insured, saying:

"It seems clear to me that when the Legislature (Section 4095, Code of 1922), says 'and a proportionate amount in case of partial loss, *it meant the proportion that the actual loss bears to the amount of insurance.* In other words, it means that, in case of partial loss, the company is to pay the actual loss up to the amount of the policy."

He accordingly rendered judgments in favor of the plaintiff against the several companies for their contributive parts of the total insurance. From these judgments, the defendants have appealed.

The question at issue is the correct method of adjusting the amount recoverable in case of a partial loss; in other words, which contention, as above stated, shall be sustained, that of the insurers or that of the plaintiff. It is worthy of note that the question is not one of the construction of an obscure, finely printed, technical condition in a policy prepared by the insurance companies, and designed to entrap the unwary as is often charged, but of the construction of a statute of South Carolina, which is read into every fire insurance policy, whether formally agreed to or not. That statute is as follows (Section 4095, Vol. 3, Code of 1922):

"No fire insurance company or individuals writing fire insurance policies, doing business in this State, shall issue policies for more than the value to be stated in the policy, the amount of the value of the property to be insured, and the amount of the insurance to be fixed by insurer and insured at or before the time of issuing said policies, and in

Cola. R. E. & T. Co. *v.* Royal Ex. Assurance  435

427]                    Spring Term, 1924

case of total loss by fire, the insured shall be entitled to recover the full amount of insurance and a proportionate amount in case of partial loss."

The objective of the statute is manifest. It was designed, in the first place, to prevent fraud on the part of the insured in overvaluing the property to be insured, thereby obtaining more insurance than he was entitled to, with the consequent increase of the moral hazard; and, in the second place, to prevent an unseemly controversy over the value of the property after the loss has occurred; a matter which, as the Legislature concluded, in common prudence and fair dealing should be determined at the time the policy is issued, when the condition and value of the property could with greater accuracy be fixed.

The wisdom of such legislation has been seriously questioned, as may be seen in 1 Joyce, Insurance, § 163, a matter, however, legislative in character, which does not concern the Court.

The statute must, of course, be considered as read into the contract of insurance. Its effect is to materially change the terms of the ordinary standard policy and the common law applicable to it before the statute was enacted. All provisions of the policy inconsistent with the statute become nugatory.

The policy contract, unaffected by the statute, creates an obligation to indemnify the insured from actual loss, whether total or partial, up to the amount represented by the face of the policy, but which shall in no event exceed the cost of repair or replacement, with proper deduction for depreciation; strictly a contract of indemnity against the actual loss sustained, total or partial. In the event of either total or partial loss, the matter of the value of the property, or the amount of the loss actually sustained, is left open, a fruitful source of controversy.

As illustrative of the change wrought by the statute: Prior to the statute the insured owns a house actually worth

$1,000; he represents that it is worth $2,000 and obtained $1,500 insurance, three-fourths of the represented value; the house burns and he claims $1,500; the company proves that the value was misrepresented, and that it was worth only $1,000; under the policy contract, as one of strict indemnity, the insured recovers only the amount of his actual loss, $1,000. After the passage of the statute, the insured owns the same house, actually worth $1,000; at the time of issuing the policy the insurer and the insured fix the valuation of the house at $2,000; the policy is for the same amount, $1,500; the house burns, and the insured claims $1,500. In the absence of proof of a fraudulent overvaluation, the insured recovers the full amount of the insurance, not because he has actually lost $1,500, but because of the statute which estops the company, after agreement upon the valuation, to contest that question.

The statute is easy of construction in the case of a *total loss;* it provides, clearly, that, aside from all question of indemnity, the insured shall recover the full amount of the insurance. The difficulty which confronts the Court is the construction of the statute in the case of a *partial loss.* Repeating the provision of the statute, "in case of total loss by fire, the insured shall be entitled to recover the full amount of insurance, *and a proportionate amount in case of partial loss,*" what does the underscored expression mean? As a matter of grammatical construction, the words "of insurance" are understood, after the words "proportionate amount," so that with needless repetition the clause must be construed as if written:

"In case of total loss by fire, the insured shall be entitled to recover the full amount of insurance, and a proportionate amount *of the insurance* in case of partial loss."

In other words, if the loss should be total, 100 per cent. of the building of agreed valuation, the insured shall recover 100 per cent. of the insurance; if the loss should be partial, less than 100 per cent., he shall recover such percentage of

Cola. R. E. & T. Co. v. Royal Ex. Assurance  437

427]                    Spring Term, 1924

the insurance as is the ratio between the actual loss and the value of the building.

The clause necessarily calls for a proportion, which is obliged to be composed of four terms. A ratio is the relation of two quantities of the same kind; a proportion is the sameness or likeness of two such relations (Webster). The ratio between the value of the building before the fire and the partial loss decides the ratio between the amount of insurance and the amount recoverable. That is, the sound value of the building is to the amount of the partial loss as the amount of insurance is to the amount recoverable; or, translated into figures of the case at bar and expressed in mathematical form: $25,335.25 : $12,047.75: : $7,500 : ———, or $3,566.25, the amount recoverable. In other words the partial loss was 47.55 per cent. of the sound value of the building before the fire, and that per cent. of the insurance, $7,500, is $3,566.25, the amount recoverable under the policy.

In *Cave v. Insurance Co.*, 57 S. C., 347; 35 S. E., 577, a case of a valued policy under the statute, the Court said:

"Therefore, under this act, the value of the building, so far as the insurer and insured were concerned, under the policy here sued upon, could not be more than $1,000," the agreed value. It is equally true that it could not be less. It seems impossible to conclude that the value of the property was intended to be fixed in the event of a total loss, and absolutely open in the event of a partial loss. We think, therefore, that the agreed valuation must be accepted in every instance, whether the loss be total or partial, as the value of the building. In the case of a partial loss, the actual ascertained loss must be stated in terms of the agreed valuation if the agreed valuation proved to have been an over-valuation, without fraud, the actual partial loss translated into terms of the agreed valuation will be correspondingly increased; *mutatis mutandis*, it will be decreased.

It really does not make any difference whether the ratio

is obtained by comparing the actual partial loss with the sound value, or the actual partial loss, in terms of the agreed value, with the agreed value.   Thus, using for convenience round figures:

Sound value ..............................$ 25,000
Actual partial loss .........................   12,500
Ratio 50 per cent.
Insurance ................................    7,500
Recovery ................................    3,750
Agreed value ...............................$  ·9,000
Actual partial loss $12,500 in terms of the agreed
   value ................................    4,500
Ratio 50 per cent.
Insurance ................................    7,500
Recovery ................................    3,750

If the sound value of the building was $25,000, and the agreed value was $9,000, it is clear that every dollar of the sound value was by agreement valued at 9/25 of a dollar, 36 cents.   Every dollar of the actual partial loss was therefore by agreement valued at the same figure.   The actual partial loss was $12,500, and, translated in terms of the agreed value, must be valued at $12,500 x .36, or $4,500.

If the agreed value is to control in the adjustment of a partial loss as well as of a total loss, it would be manifestly unfair to value the partial loss at 100 cents on the dollar, the actual value, regardless of the agreed value, and obtain a ratio by comparing it with the agreed value.

Let us see how this rule would work out in the case of a partial loss, where the property, without fraud or misrepresentation, had been overvalued (if such an hypothesis is possible under the figures stated) :

Agreed valuation ...........................$ 25,000
Actual value ..............................    9,000
Actual damages ............................    4,500
Insurance ................................    7,500

Cola. R. E. & T. Co. *v.* Royal Ex. Assurance  439

427]                    Spring Term, 1924

Upon the basis of the agreed valuation, every dollar in the insured building by agreement is worth 25/9 of a dollar, which necessarily included the partial loss. Hence, the partial loss, translated into terms of the agreed valuation, amounts to $12,500. The proportion would therefore be 25,000 : 12,500 : : $7,500 : ——, or $3,750.

The same result is obtained by taking the ratio of the actual loss, $4,500, to the actual value, $9,000, 50 per cent., and allowing the insured 50 per cent. of the insurance, $7,500, $3,750.

To show the justice of translating the actual loss into terms of the agreed valuation, the case at bar presents a striking argument. The agreed valuation was $9,000; the appraisers estimated that the actual loss to a building valued at $25,000 was, in round figures, $12,500. It is a physical impossibility for a building worth $9,000 to be damaged to the extent of $12,500; but taking the agreed valuation as the basis of adjustment, it is seen that the actual loss of $12,500 is reduced at 36 cents on the dollar, 9/25, to $4,500, which is 50 per cent. of the agreed valuation, and establishes the percentage of the insurance to which the insured is entitled $3,750.

A contrary conclusion leads to this anomalous result: That where a building valued at $9,000 is partially destroyed, to the extent of 50 per cent., the insured is entitled to the whole of the insurance, $7,500, although the statute provides that in case of partial loss he shall be entitled only to a proportionate part of the insurance—that is, in the ratio of the loss to the value of the building.

The Circuit Judge holds that the expression *"proportionate amount* in case of partial loss," means "the proportion of the insurance which the *loss* bears to the *amount of insurance,"* and naturally draws the conclusion from this premise that, "in case of a partial loss, the company is to pay the actual loss up to the amount of the policy." The premise is entirely wrong; the expression can only mean

such a ratio of the insurance as the loss bears to the value of the building; if the partial loss amounts to 50 per cent. or any other per cent. of the value of the building, that percentage must be used in adjusting the amount of the insurance to be paid to the insured.

If the statute had intended, as the Circuit Judge holds, that, "in case of a partial loss, the company is to pay the actual loss up to the amount of the policy," it would have been easy to have so declared, and the provisions of the policy would have been paralleled; but it does not so declare; it declares that in such event the insured shall recover a *proportionate amount* of the insurance, clearly contemplating a case in which the insured would recover less than the amount of his actual loss, a result necessarily implied in the limit of his recovery to a proportionate amount; that is, an amount proportionate to his loss as compared with a total loss.

The fallacy in the Circuit Judge's construction of the statute arises from his application of the rule of the common law and the terms of the standard policy to a case of partial loss, instead of the terms of the statute.

The common-law rule and the rule deduced from the terms of the policy contract allow the insured to recover the full amount of his partial loss; the statute provides that he shall recover only a proportionate part of the amount of insurance in case of partial loss; it is impossible therefore to apply the policy rule without changing the provision, "the insured shall be entitled to recover * * * a *proportionate amount* in case of partial loss," and make it read "the insured shall recover the full amount of his loss in case of partial loss"; that which he was entitled to recover under the policy, but denied under the statute.

If the insured is entitled to recover his entire partial loss, limited only by the amount of the policy, which under the statute cannot exceed the agreed valuation, there would be only two questions to be answered: (1) What was the

amount of the loss? (2) What was the amount of the insurance, and was the loss within it? It would not be necessary at all to consider the agreed valuation except to see that the partial loss did not exceed it; nor would it be necessary to consider the sound value of the building, although the statute provides that in case of a partial loss the insured shall recover only such percentage or proportion of the insurance as his partial loss bears to a total loss.

The vice in the reasoning whereby the insured is allowed to recover the full amount of his partial loss, so long as it is within the terms of the policy amount, is in applying to a total loss the principles applicable to a valued policy, and, to a partial loss, those of an open policy.

A "valued policy" is one which, for the purposes of the risk, fixes a definite value on the insured property, foreclosing dispute, no matter how high the valuation, except in a case of fraud or wager. An "open policy" is one where the value is not settled in the policy, and in case of loss must be agreed upon or proved.

If, therefore, the settlement is based upon the theory of an "open" policy, no regard whatever is paid to the agreed valuation, which is applicable alike to a total loss and a partial loss.

It does not appear possible to place any other construction upon the plain terms of the statute. If a man should employ another at a salary of $1,200 per annum, and should agree that if the service did not extend over the entire year the employee should be paid a proportionate amount of the part of the year in which he was actually employed, could there be any doubt that if he worked eight months, two-thirds of the time, he would be entitled to two-thirds of the $1,200, $800?

Or if an insurance policy covered 100 bales of cotton, by agreement valued at $150 per bale, the insurance being for $10,000, could there be any doubt that if a partial loss of 25 bales occurred, one-fourth of the total number insured,

the recovery would be limited to that percentage of the insurance, $2,500, regardless of the actual value of the 25 bales lost? The insured may have been able to show that the cotton at the time of the fire was worth $200 per bale, making his actual loss $5,000, yet he would be entitled to recover only such percentage of the $10,000 insurance as the agreed value of his loss, $3,750, bore to the agreed value of the whole 100 bales, $15,000, 25 per cent., or $2,500.

In *Oppenheim v. Insurance Co.,* 119 Minn., 417; 138 N. W., 777, the Court construed a statute containing a provision that every company insuring a building shall cause its insurable value to be fixed and stated in the policy, and that with certain exceptions "the whole amount mentioned in the policy upon which the insured [insurer?] receives a premium shall be paid in case of total loss, *and in case of partial loss the full amount thereof."* The Court, correctly as we think, held that if the partial loss was equal to or exceeded the amount of the policy, the insured was entitled to the full amount of the policy, and if less than that, to the full amount of the partial loss. A result which the plaintiff in the case at bar claims under a statute which denies recovery in case of a partial loss for the full amount of the policy, and limits it to a proportionate amount; that is, to an amount in the ratio which the partial loss bears to the sound value of the property; or, which attains the same result, in the ratio which the partial loss, expressed in terms of the agreed valuation, bears to the agreed valuation.

In *Fidelity Co. v. Mitchell* (Tex. Civ. App.), 249 S. W., 536, the Court held:

"In addition to the express provision that the amount payable in case of total destruction [of a crop by hail] should be the stated amount per acre, and in case of partial loss should be a proportional part of the stated amount, the provisions for proof of loss require proof, *not of the actual value of the crops destroyed, but of 'the percentage of damage.'* * * * in the event of partial destruction of the

crops the plaintiff could not have recovered the $20 per acre, though his actual damages may have been much more than such amount, but could have recovered only the percentage of damage with $20 per acre representing the value of a total loss."

"The rule for computing a technical particular average loss has been in existence for over a hundred years and is well known and understood. * * * Those cases hold that the damaged goods upon reaching their destination must be at once sold for the best price that can be had. It is then to be determined what the goods would have been worth in the same market had they been sound, and the difference between the sound value and the proceeds of the sale of the damaged article gives the ratio of deterioration, and the underwriter is to pay this ratio or percentage of loss on the policy value." *London Co. v. Companhia,* 167 U. S., 149, 171; 17 S. Ct., 785; 793 (42 L. Ed., 113).

"The doctrine is well established that, in case of a partial loss of goods covered by a valued policy, the measure of the insurer's liability is *the proportion which the loss bears to the sound value* at the port of discharge." *Ursula Bright S. S. Co. v. Amsinck* (D. C.), 115 F., 242.

Where 380 kegs of manufactured tobacco, stated on the back of the policy as worth $9,600, were insured and 157 kegs were destroyed by fire, "the insured was entitled to recover for the loss of 157 kegs, according to the valuation of the whole number of kegs, and not the cost of the tobacco at the manufactory or prime cost." *Harris v. Insurance Co.,* 5 Johns. (N. Y.), 368.

In cases of valued policies, where no provision is made in the policy or by statute for the adjustment of a partial loss, the rule has been to consider the policy as a valued policy as to a total loss, and as an open policy as to a partial loss. *Clark v. Insurance Co.,* 7 Mass., 365; 5 Am. Dec., 50. *Bedford Commercial Ins. Co. v. Parker,* 2 Pick. (Mass.), 1; 13 Am. Dec., 388. But where the adjustment is fixed

by the policy or by statute, the rule there provided must be followed.

In reference to valued policies it has been very truly said:

"It has been said often that every policy of insurance is a contract of indemnity. The accuracy of this statement is a question of definition. If it means that wagers are prohibited, that the insured must possess an insurable interest, it is true today. But if the word 'indemnity' is given a broader sense, if it means that whatever the language of the contract the insured may recover only the precise amount of the pecuniary damage caused to him by the contingency against which he seeks protection, then it is not now, and never has been, the inflexible rule. An ordinary fire or marine policy is a contract of indemnity, for it is so written. * * * But valued policies of this character may also be written, and then, in the absence of fraud, the amount of the loss is immaterial." *Empire Co. v. Title Co.,* 225 N. Y., 53; 121 N. E., 468.

This, of course, is true of a case of total loss; but in a case of partial loss the amount of the loss is a matter of inquiry.

It is insisted that the case of *Parnell v. Insurance Co.,* 126 S. C., 198; 119· S. E., 191; 32 A. L. R., 648, is conclusive of the matter under discussion, and that the rule there declared is that in case of a partial loss the insured is entitled to the full amount of his actual loss, within the amount of insurance stated in the policy. It is true that the leading opinion in that case contains expressions that tend to sustain the proposition that, in case of partial loss, the insured is entitled to the full amount of the partial loss, within the amount of insurance fixed in the policy. For instance it is said:

"The contract is that the insurer will pay the loss up to $4,000, and he must pay the loss up to $4,000. * * * The insurer must pay the full loss limited by the amount named in the policy."

We do not consider that opinion as determinative of the present issue for several reasons:

(1) The decision of the question was not at all necessary to the determination of the real issue involved in that case.

(2) The holding is inconsistent with the principle announced in the earlier part of the opinion.

(3) The conclusion is, for the reasons elaborated herein, so inconsistent with a proper construction of the statute, that we must decline to follow it.

As to the first reason: The trial Judge had charged the jury, to which no exception was taken, exactly in conformity with the views above expressed:

"My construction of that statute being, as I told you, that in case of a total loss the plaintiff is entitled to recover the whole amount of insurance, and that in case of a partial loss he is entitled to recover only a proportionate amount of the amount of insurance carried. In other words, that in case one-fifth of the property be destroyed, that he is entitled to recover one-fifth of the insurance carried, or in the case of one-third of the property being destroyed, one-third of the insurance carried. Understand me now, not one-third of the agreed value of the property, but one-third of the insurance carried."

This, unexcepted to, became the law of the case, and the correct law, as we interpret the statute, in all other cases of partial loss. The plaintiff sought to sustain the verdict, conceding the correctness of the charge, upon the ground that the evidence justified the conclusion that the loss amounted to 75 per cent. of the value of the building, which entitled the insured to recover that percentage of the insurance, $4,000, $3,000, the amount of the verdict; at least that that was an issue to be submitted to the jury.

The respondent in the case at bar states in the printed argument:

"By such evidence and other competent evidence, *the jury decided what proportion of the house had been destroyed,*

*and then gave a verdict for the same proportion or percentage of the total amount of insurance;"* a very correct interpretation of the case. It was therefore dehors the record to announce the conclusion under review.

As to the second reason: It is declared in the opinion:

"If we keep in mind that the purpose of the statute is to fix the value of the property, then if a house is valued in a policy of insurance at $6,000 and is totally destroyed, the loss is $6,000. That cannot be called in question. If the house is partially burned, say one-half of the value is destroyed, then the loss is $3,000, and that also is fixed. *The proportion of loss is one-half."*

When it is thus declared that when the building is not a total loss, but was only "partially burned," "say one-half of the value is destroyed," "the proportion of loss is one-half," the opinion, in effect, holds that the words "proportionate amount" in the statute is an amount in proportion to the loss, and not proportionate to the amount of the policy; a conclusion inconsistent with the idea of a recovery of the entire partial loss. It is inconceivable that the insured should be allowed to recover the full amount of his partial loss when the statute provides that he shall recover only a proportionate amount, which of course is less than the whole.

As to the third reason: The opinion declares:

"The proportionate amount is an amount in proportion to the loss, and not proportionate to the amount of the policy."

It is difficult to understand what this means. There is only one term mentioned in this statement, the loss; it is impossible to frame a proportion with only one term. If the statement means that the insurer must pay the amount of the partial loss, provided it does not exceed the amount of insurance, there is no necessity for any proportion; all that would be necessary would be to ascertain the amount of

the partial loss, and, if it should be within the amount of insurance, order it paid.

Considered as an open policy, whether the loss had been total or partial, the insured could have collected and would have been limited to the actual loss sustained; the policy so provides. But the statute prescribes an entirely different basis of settlement, 100 per cent. of the insurance in case of a total loss, and a correspondingly reduced amount in case of a partial loss, and its terms supersede the terms of the policy. The effect of the Circuit Judge's ruling is to make the policy a valued policy in case of a total loss, and an open policy—strict indemnity for the actual loss sustained— in the case of a partial loss. This cannot be done. It must be considered a valued policy as to both a total and a partial loss, and the adjustment in either case must be made according to the terms of the statute.

The amount which the plaintiff was entitled to recover upon the four policies, aggregating $7,500, being established as $3,566.25, the contributive amounts due by the several companies are as follows:

| | |
|---|---|
| Royal Exchange Assurance | $ 1,296.81 |
| London & Lancashire Fire Insurance Company | 972.62 |
| Royal Insurance Company | 648.41 |
| Insurance Company of North America and the Fire Association of Philadelphia | 648.41 |
| | $ 3,566.25 |

—with interest according to the provisions of the policy.

The judgment of this Court should be that the judgment of the Circuit Court be reversed and a new trial be had, unless the plaintiff, within 10 days after the filing of the remittitur, shall enter a remission of the amounts of the several judgments in excess of the contributive amounts above set forth, with interest; in which event the judgments will stand affirmed for the several amounts above stated, with interest, against the several defendants.

MR. JUSTICE MARION concurs.