**JOHNSTON MFG. CO. v. GREAT AMERICAN INS. CO., NEW YORK.**

**No. C/A 1874.**

United States District Court
E. D. South Carolina, Columbia Division.

May 16, 1949.

Robinson & Robinson, Columbia, S. C., D. W. Robinson, James F. Dreher, John E. Edens, Columbia, S. C., for plaintiff.

Joseph L. Nettles, Columbia, S. C., Rein, Mound & Cotton, New York City, for defendant.

TIMMERMAN, District Judge.

A decree was filed in the above stated case on March 30, 1949. Pursuant to that decree counsel for plaintiff proposed an order for judgment, of which counsel for the defendant had notice. A hearing thereon was had April 29, 1949, at which time counsel for the defendant appeared and opposed the allowance of interest in the order for judgment.

One of the interest items claimed by the plaintiff is for $1108.17, representing interest at the legal rate on $31,663.45 from October 1, 1947 to April 29, 1948. The other was for $665.00, representing interest at the legal rate on $7,000.00 from October 1, 1947, to May 1, 1949, the proposed date of the order for judgment.

As may be seen by reference to the decree herein the plaintiff had a "Reporting Form Extended Coverage" policy with the defendant in which the limit of liability was fixed at $75,000.00. While the policy was in force the insured prop-

erty of the plaintiff was destroyed by fire on July 23, 1947, by which the plaintiff sustained a total loss in excess of $75,000.00. However, defendant's liability under the policy contract was dependent on the amount of values reported monthly by the insured and the existence of allowable specific insurance, if any. The defendant agreed as early as October 6, 1947, that it was due the plaintiff under said policy the sum of $31,663.45 and offered to pay that amount if the plaintiff would accept it in full satisfaction of its claim. The plaintiff declined to satisfy its claim for that amount and commenced this action on December 2, 1947, to recover $75,000.00. The action was originally brought in the Court of Common Pleas, Richland County, South Carolina, and was removed to this court January 19, 1948. On April 29, 1948, pursuant to a stipulation bearing that date, the defendant paid to the plaintiff the aforementioned sum of $31,663.45. A relevant portion of the mentioned stipulation reads as follows:

"It is further stipulated and agreed that this payment [$31,663.45] is made without prejudice to the rights of either party, save only that in no event shall plaintiff recover interest upon the sum herein paid for any period subsequent to the date of payment thereof; the question of whether or not interest is payable on the aforesaid sum up to the date of this payment, and the amount thereof, is referred for future determination by the Court."

Prior to October 6, 1947, the defendant's adjuster had made an investigation of the referred to fire and had had a conference or conferences thereabout with Mr. Teskey, the President of the plaintiff, who had cooperated in the investigation of the fire loss. On that date the adjuster of the defendant wrote Teskey, the President of the plaintiff, as follows:

"As to the loss on stock under Great American Pol. #4009, as I have explained to you under the Full Reporting Clause of the policy, it is required that full and accurate reports of values be made. However, as you know, when the last report was made on May 1, 1947, the value of only $41,000.00 whereas the actual value as of that date was $82,672.67 and there was specific insurance of $12,500.00 at that time. The policy reads that the limit of liability under the policy shall not exceed that proportion of the actual loss and damage which the last reporting value less the specific insurance bears to the actual value at that time less specific insurance. This formula would work out to a loss of $31,663.45 as per recap sheet attached.

"I am ready to submit Proofs of Loss to you covering the loss on stock under Great American Pol. #4009 in the net sum of $31,663.45 and if these figures are agreeable to you you have only to advise me and I will prepare and submit Proof of Loss immediately.

"You will observe as I advised you when we last discussed the matter that I have given you the full benefit on your machinery of the specific insurance on that item as well as the blanket policy in the Grainger Mutual which covered machinery, fixtures, and stock."

On October 11, 1947, the attorney for the plaintiff acknowledged the letter of October 6th and on behalf of the plaintiff declined to accept $31,663.45 in full settlement of its claim and in effect demanded payment of $75,000.00, stating that the plaintiff had suffered an actual loss of $79,161.75, and added:

"There is no necessity to file the proof of loss, as we understand the Company has refused to pay any more of the loss than $31,663.45, whereas the loss was in excess of the policy limits of $75,000.00.

"I wish that you would again take this matter up with the company looking towards some adjustment, and *if there is any further information we will be very glad to supply the same.*" (Italics added.)

The defendant's adjuster acknowledged that letter under date of October 15, 1947, stating in effect that he was transmitting it to his principal for action, and further stating that he would advise plaintiff's counsel as soon as he had heard from his principal, and also stating that the Com-

pany did not waive any conditions of the policy. Then on October 31, 1947, the defendant's agent or representative wrote plaintiff's counsel as follows:

"Referring to your letter of October 11, *the company advises me that the limit of liability in this case under the terms and conditions of the policy is $31,663.45.*

"As I have already advised Mr. Teskey, *I am prepared to submit Proofs of Loss in this amount for his signature* just as soon as he indicates his acceptance of same." (Italics added.)

Suit followed almost immediately. By the Court's decree, above referred to, the plaintiff was allowed the additional principal sum of $7,000.00. The questions now for consideration are: What, if any, interest is to be allowed on the $31,663.45 item; and, What if any, interest is to be allowed on the $7,000.00 item?

Defendant admitted in its answer, as alleged in the complaint, that the plaintiff had made demand on it for the payment of the full sum of $75,000.00 and that it had refused to make such payment. In resisting plaintiff's demand, defendant relied on and set up in its answer the provisions of the *"Value Reporting"* and the *"Full Reporting"* clauses of the policy, and claimed thereunder that it was due the plaintiff only the sum of $31,663.45, which sum it alleged had been tendered to and refused by the plaintiff. The offer or tender of payment, evidently, was the one made in the letter of October 6, 1947, cited above, and verbally theretofore.

The contention of the defendant is that, since the policy allowed it sixty days after proof of loss to make payment of the amount due and since the plaintiff had not filed proof of loss, the demand against it has never matured, so as to start the running of interest, at least not before the filing of the defendant's answer in this cause. Defendant's counsel stated the position taken in this language, "by answering the complaint, we waived proof of loss in so far as it was a condition of suit, but we do not believe that we waived filing of the proof as a means of maturing the demand, and in any event the waiver would not take effect until the answer was filed."

The Court does not understand how a demand could be matured for the purpose of a law suit and at the same time not be matured for the purpose of interest, if the demand was such as to draw interest after maturity, as seems to be conceded in the instant case. The demand either matured or didn't; and if and when it matured, under the law of South Carolina, it commenced to draw interest at the legal rate (6% per annum) in the absence of a different rate fixed by contract. Leaphart v. National Surety Co., 167 S.C. 327, 166 S.E. 415; Johnson v. Crutchfield, 198 S.C. 526, 18 S.E.2d 450; Berry v. Virginia State Ins. Co., 83 S.C. 13, 64 S.E. 859; Columbia Lbr. & Mfg. Co. v. Globe Indemnity Co., 166 S.C. 408, 164 S.E. 916. Moreover the Court could not adjudicate a claim for the payment of a sum of money not yet due; and the defendant asserted no such defense in its answer to plaintiff's complaint, but answered on the theory that only $31,663.45 was due by it to the plaintiff, which it previously had offered to pay if the plaintiff would accept that amount in full satisfaction of its claim. Since defendant had fully investigated plaintiff's loss, had considered and discussed the loss with plaintiff's President, prior to October 6, 1947, had on that date admitted liability under the policy by offering the aforementioned sum of $31,663.45 in full satisfaction of plaintiff's demand for a greater amount, and had indicated its determination not to pay more than the amount offered, which position was thereafter persisted in, such action evidenced waiver of formal proof of loss. To have filed a formal proof of loss at that time, or at any time after defendant's full investigation of the fire and loss, would have been a futile thing, something the law doesn't require. Anyway, the office of a proof of loss is to advise the insurer of the fire, its attendant circumstances and the loss sustained so that being so informed the insurer can have an opportunity to investigate the fire and determine what, if any,

liability exists under its policy. The record in this case clearly shows that the defendant knew of the fire, knew that the plaintiff had sustained a loss well beyond the limit of its liability, and it had fully investigated the fire prior to reaching its announced final determination concerning its liability on October 6, 1947. See Padgett v. North Carolina Home Ins. Co., 98 S.C. 244, 82 S.E. 409; Daniel v. Firemen's Fund Ins. Co., 5 Cir., 46 F.2d 784. To this a proof of loss would have added nothing. It would not have altered the defendant's previously announced determination that its liability under the policy was only the sum it had offered in full discharge of plaintiff's claim.

The policy contains two pertinent provisions. The first required the insured to give immediate notice to the insurer of any loss and to render to the insurer a proof of loss within sixty days after the loss. The other provided that the insurer's liability under the policy should be payable sixty days after proof of loss. From these provisions it follows that, if proof of loss had been filed within the time limit, the greatest length of time that could have expired after the loss before the maturity of the insurer's obligation to pay would have been one hundred and twenty days. Pursuing the logic of that deduction, it must inevitably follow that the time for the maturity of the insurer's obligation to pay could not be extended by the mere procedure of waiving the doing of that which was required to be done within sixty days next after the occurrence of the loss.

Since the evidence is not susceptible of determining the exact date of the waiver of filing of proof of loss and since no decision of the Supreme Court of South Carolina bearing directly on the point has been found or cited by counsel for either side, it is considered that the proper rule is stated in Concordia Ins. Co. of Milwaukee v. School District, 10 Cir., 40 F.2d 379, affirmed in 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528. In that case it was held that the insurer had waived proof of loss, and following that holding, 40 F.2d at page 384,

the Court of Appeals made this pertinent statement:

"The policies allowed sixty days after the fire for proofs of loss, and then sixty days more after the receipt of proofs before the loss became payable. By the contracts the latest due date would be May 2nd, 120 days after the fire."

As indicated the Supreme Court affirmed the decision of the Appellate Court, which had previously affirmed the District Court, saying, among other things [282 U.S. 545, 51 S.Ct. 278]:

"Under the terms of the insurance contracts the companies became liable to pay the amount of the loss not later than sixty days after proof of loss, or *within one hundred and twenty days in all from the date of the loss.*" (Italics added.)

The reasoning in the opinions in the Concordia Insurance Company case, supra, is sound and this Court, in the absence of a contrary decision by the South Carolina Supreme Court, adopts it for application to this case.

Accordingly, it is held that the item of $31,663.45 (which has been paid) and the item of $7,000.00, both, should draw interest from and after the 21st day of November, 1947; that is to say, that the plaintiff is entitled to judgment for interest at the legal rate of six (6%) per centum per annum on the $31,663.45 item from November 21, 1947, to April 29, 1948, the date on which the principal sum was paid, and to judgment for interest, at the same rate, on the $7,000.00 item from November 21, 1947, to the date of an order for judgment, in addition to judgment for the principal sum of $7,000.00, which has not been paid, and for the amount agreed upon as a return premium due by defendant to plaintiff.

An order for judgment in conformity herewith will be signed on presentation.

Let copies of this opinion and order be mailed by the Clerk of this Court to the attorneys for the respective parties, one copy to each side.