## TRAVELERS FIRE INSURANCE CO. v. FRADY.

### No. 6000.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1950.

Decided Feb. 25, 1950.

Thos. B. Butler, Spartanburg, S.C. (Osborne, Butler & Moore, Spartanburg, S.C. on the brief), for appellant.

J. Manning Poliakoff, Spartanburg, S.C. (Poliakoff & Poliakoff, Spartanburg, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WARLICK, District Judge.

WARLICK, District Judge.

This is an action originally instituted in the Court of Common Pleas for Spartanburg County, South Carolina, against the appellant, the Travelers Fire Insurance Company, in which action the plaintiff sought to recover the full coverage of $4,000 on a policy of fire insurance issued to him trading as above by the appellant—and on the ground of diversity of citizenship was

removed to the United States District Court for the Western District of South Carolina at Spartanburg.

On the trial of the matter which was upon the facts without a jury, as prescribed in Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., certain findings of fact were made by the Presiding Judge and on the findings of fact, his conclusions of law were set down and the judgment entered. From that comes this appeal to us.

From the evidence offered it appears that Fred J. Frady is a citizen and resident of Spartanburg, South Carolina and a disabled veteran of World War II and a man of very limited business experience.

That for sometime prior to the 18th of December, 1947, he was engaged in doing business as the Lyman Wholesale and Salvage Company in the Town of Wellford in Spartanburg County. That his business was chiefly that of dealing in war surplus materials and under his priority as a war veteran was engaged in the purchase of war surplus material from the War Assets Administration and the sale thereof to prospective purchasers for a profit. On the said 18th day of December, 1947, in consideration of the payment of a premium of $80.00 by him to the defendant, a Connecticut corporation engaged in the general fire insurance business, and domesticated in South Carolina, there was issued to him by the defendant a policy of insurance insuring him against loss by fire of the merchandise stored in his warehouse at Wellford, South Carolina, in the amount of $4,000.

That on February 5, 1948, while the insurance policy was in full force and effect the warehouse and all of its contents were totally destroyed by fire. There is no suggestion found anywhere in the record that the fire was other than a normal insurance casualty. Plaintiff gave written notice of and furnished proof of loss as required by the provisions of the policy and undertook and made available to the defendant all of his records which he was able to obtain relating to the goods and merchandise and the inventory thereof which was stored in the warehouse at the time of the fire. All records and books and papers were likewise wholly destroyed and the salvage after the fire consisted of nothing except burned and damaged scrap iron and other non-flammable material. The whole of his stock in trade prior to the fire consisting of a large number of different surplus commodities, including cotter pins of all sizes and estimated to weigh as much as thirty tons, electronic equipment, tubing, steel oil valves, sheet metal and other properties of a heavy character and which from one exhibit numbered in excess of forty five different items.

That the policy of insurance among other things contained the following: "Furnish a complete inventory of the destroyed, damaged and undamaged property, render within sixty days a sworn proof of loss, and produce for examination all accounts, bills, invoices, and other vouchers as often as may be reasonably required."

That following the fire and during the time when an effort was being made by the appellee and certain representatives and adjusters of the Travelers Fire Insurance Company in an effort to ascertain certain information and work out an agreement, a paperwriting was executed by the parties hereto, known as the "non-waiver agreement" so that more time might be given to a study of the damage suffered and sustained and involving no waiver of the rights of the parties.

Following this additional time given and on May 5, 1948, Fred J. Frady, the insured, submitted to the appellant a sworn statement in proof of loss on a form issued by it, indicating that the actual cash value of the destroyed property at the time of the fire was in excess of $5,750. On the defendant demanding that plaintiff file with it a complete inventory itemizing each item in the warehouse at the time of the fire, and cost thereof, and being unable to do so on account of the complete and utter destruction of all records and the failure of plaintiff and the defendant to adjust and effect a reconciliation of the items, etc., this action was then instituted.

The District Court made the following among its findings of fact: "Plaintiff and his attorneys have made *bona fide* efforts to establish the inventory demanded by the defendant, and produced all available docu-

ments, memoranda, copy of such invoices as were obtainable, affidavits, and testimony to prove his loss," and, "The plaintiff has substantially complied with the requirements of the policy of insurance in establishing proof of his loss and by invoices, testimony, memoranda, plaintiff has established that the market value of the goods and merchandise in the warehouse at the time of the fire exceeded the sum of Four Thousand Dollars ($4,000.00)."

The appellant sets out in its brief that the following questions are involved:

"1. Should not the judgment in favor of appellee have been limited to the total of the War Assets Administration invoices produced ($3,476.49) less his admitted sales ($700.00), or the sum of $2,776.49, as being the only substantial compliance with the terms of the policy?

"2. Should it not be held that parol evidence is not competent to establish the loss, under the requirements of the policy as to the character of the proof required to be submitted?

"3. Should not interest be limited to the time from the entry of judgment?

"4. Is not the measure of damages the invoice price paid by appellee for the different articles?"

■ The findings of fact carefully and elaborately made by the learned District Judge answer each of the questions asked and when they may fall short the answer is found in the policy of insurance in suit. Rule 52 (a) of the Federal Rules of Civil Procedure provides that the findings of fact of the court sitting without a jury shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Certainly, from a study of the record as a whole, one could by no means come to the conclusion that any of the findings of fact were clearly erroneous, and our conclusion is that the findings of the District Judge were not in error but were supported by the evidence. While a complete inventory of the property destroyed by fire was not furnished plaintiff did obtain and furnish duplicate invoices covering property which he had purchased and which

he claimed to have been destroyed by the fire; and there is ample evidence that the value of the property covered by these invoices exceeded $4,000, the face of the policy.

■ Appellant proceeds on the erroneous assumption that what is required by the "requirements in case of loss" clause is the equivalent of what is required by the "iron safe" clause. As this court has pointed out, however, the two clauses are vastly different, one having as its primary requirements conditions subsequent. See North British & Mercantile Insurance Co. v. Crowley, 4 Cir., 164 F.2d 550, wherein the comparison between the two requirements is fully set out. All that the South Carolina courts require to be shown in the "requirements in case of loss" clause is a substantial compliance therewith,—Evans v. Century Insurance Company, 201 S.C. 273, 22 S.E.2d 877. We agree with appellant that compliance with the clause here relied on is essential to recovery; but substantial compliance is all that is necessary and we think it clear that, to the extent that the loss was shown by the invoices furnished, there was substantial compliance and that the value of the property embraced in the invoices was shown to be in excess of the face of the policy.

The measure of damages as well as the period when interest on the judgment would be effective are both answered by the terms of the policy, for therein it is found that the defendant in its policy agrees to pay upon loss to the insured "to the extent of the actual cash value of the property at the time of loss but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, etc."

This statement in the policy has been passed upon and its terms decided in North British & Mercantile Insurance Company v. Crowley, 4 Cir., 164 F.2d 550.

■ As to the question of interest, it appears that the loss was not payable under the policy until sixty days after the filing of the proofs of loss, which occurred on May 5, 1948. Interest should run, therefore, not from the date of the fire as provided in

the judgment, but from July 5, 1948. Columbia Real Estate & Trust Co. v. Royal Exchange Assurance, 132 S.C. 427, 128 S.E. 865; Berry v. Virginia State Ins. Co., 83 S.C. 13, 64 S.E. 859; 46 C.J.S., Insurance, § 1393, page 698. The judgment will be modified accordingly. As so modified it will be affirmed.

Modified and affirmed.