No. ——

PARNELL v. ORIENT INSURANCE CO.

(119 S. E., 191)

INSURANCE—INSURER MUST PAY FULL AMOUNT OF A LOSS WHICH IS LESS THAN AMOUNT OF INSURANCE; "PROPORTIONATE AMOUNT."— Where the value of a house as stated in a policy was $6,000, the amount of insurance was $4,000, and the loss was $3,000, under Civ Code 1912, § 2718, requiring the value of property and the amount of insurance to be fixed at the time of issuing the policy, and providing that in case of loss insured can recover the full amount of insurance and a proportionate amount in case of a partial loss, insured was entitled to recover $3,000; "proportionate amount" meaning an amount in proportion to the loss, and not proportionate to the amount of the policy.

Before W. H. MULLER, Special Judge, Anderson, December, 1922.  Affirmed.

Action by J. L. Parnell and Miss Helen P. Cater against Orient Insurance Co.  Judgment for plaintiffs and defendant appeals.

*Messrs. Watkins & Prince and T. A. Hammond* for appellant, cite: *Viewing premises by jury erroneous:* 1 C. J., 373; 104 S. E., 387.

*Messrs. Sullivan & Cooley* for respondent, cite: *Viewing premises in discretion of Court:* 1 Civ. Code 1912, Sec., 4051; 84 S. C., 125; 83 S. C., 571; 42 L. R. A., 370; Claim under 1 Civ. Code 1912, Sec., 2718.

*Mr. J. B. S. Lyles as amicus curiae,* cites: *Common law rule:* 14 R. C. L. 1301, Sec., 475. *Presumption that common law rule is still in effect:* 25 R. C. L. 1054, Sec., 280; 3 L. R. A., 524; 19 L. R. A., 709. *Rule in different jurisdictions:* 9 L. R. A., 45; 28 L. R. A., 796; 82 N. W., 313; 138 N. W., 777; 67 S. W., 23; 57 S. C., 354; 43 L. R. A. (N. S.), 121.

October 2, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The question in this case is the construction of Section 2718 of the Code of Laws of South Carolina, Vol. 1.

The appellant insurance company issued a policy of insurance on the house of the respondent. The value of the house as stated in the policy was $6,000, and the amount of insurance was $4,000. The loss has been fixed at $3,000. The insured claims that his policy covered his entire loss up to $4,000, and, inasmuch as his loss was $3,000, that he is entitled to recover the full amount of his loss, to wit, $3,000. The insurance company said, "No." Section 2718 provides that the recovery shall be in proportion only, and inasmuch as there was a loss of only half of the value of the property insured, there can be a recovery for only one-half of the amount of insurance, to wit, $2,000.

The statute must be given a reasonable construction. The term "reasonable" has reference to the evil to be provided against and the remedy provided. It is very evident that the sole purpose of the statute is to fix the value of the property destroyed. A man wants to insure his house. The house

is standing, and its value can be fixed with certainty, and a little trouble enables the insurer and insured to fix a value that is just to all parties. When the house is destroyed by fire, an estimate of the value of the house that was and is no more cannot be fixed with any degree of certainty. An insurer might collect premiums of insurance for 10 years at a value of $6,000, and then after the possibility of a just estimate of the value was gone, the insurer could say the house never was worth more than $2,000. This condition was intolerable, and the Legislature said, "Fix the value at the time of issuing the policy of insurance, while the house is still in existence." If we keep in mind that the purpose of the statute is to fix the value of the property then if a house is valued in a policy of insurance at $6,000 and is totally destroyed, the loss is $6,000. That cannot be called in question. If the house is partially burned, say one-half of its value is destroyed, then the loss is $3,000, and that also is fixed. The proportion of loss is one-half. It cannot be, and should not be so construed that the Legislature intended to provide that the insured who has paid for protection up to $4,000 shall be paid only $2,000, when his loss is fixed at $3,000. The contract is that the insurer will pay the loss up to $4,000 and he must pay the loss up to $4,000. That is the contract and a lawful contract, unless forbidden by this statute. The language is not altogether clear, but it manifestly is intended to provide a means of ascertaining the amount of loss and not a limitation of the liability of the insurer and should not be so construed, unless the language used admits of no other construction. The "proportionate amount" is an amount in proportion to the loss and not proportionate to the amount of the policy. The insurer must pay the full loss limited by the amount named in the policy. The words of the statute are:

"In case of total loss by fire, the insured shall be entitled to recover the full amount of insurance and a proportionate amount in case of partial loss."

The statute itself makes the distinction between the amount of the policy and the amount of the loss. The distinction should be preserved in its construction.

The judgment for $3,000 is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN (dissenting) : Action for $3,000 upon a fire insurance policy on the house of the plaintiff Parnell, the other plaintiff is a mortgagee, to whom the loss was made payable. The policy is dated April 2, 1921; the amount of insurance, $4,000; the agreed valuation, $6,000. On February 1, 1922, the house was badly damaged by fire. The insured claimed a total loss, and explained the demand for $3,000, instead of $4,000, by his effort to avoid a removal of the case to the federal Court. The company contended that the loss was partial and offered evidence to show that the damage was only $1,395.95. The only witness offered by the plaintiffs estimated that $3,000 would have made the house "as good as a brand-new building." The Circuit Judge charged the jury that the action was for a partial loss, to which no exception was taken.

Assuming that the question whether the loss was total or partial, was one of fact for the jury, there was evidence tending to show that it was partial, and if error was committed in reference to the liability of the company for such partial loss, the judgment must be reversed.

The jury rendered a verdict in favor of the plaintiffs for $3,143.63, which appears to represent the actual loss of the insured, $3,000 and interest, and from the judgment entered upon this verdict the defendant has appealed.

The main point in the appeal is the proper construction of Section 2718, Vol. 1, Code of Laws A. D. 1912, so far as it relates to a recovery for a partial loss. The appellant contends that where the loss is partial, the insured can recover only such proportion of the amount of insurance as the actual loss bears to the agreed valuation of the property

for insurance.  Applied to the facts of this case, the contention is that as the actual loss $3,000 is 50 per cent. of the agreed valuation $6,000, the insured can recover only 50 per cent. of the amount of the insurance ($4,000), that is $2,000.  The insured contends that the elements of the proportion referred to in the statute are the actual loss and the actual value of the property before the fire; that while the agreed valuation was fixed at $6,000, the actual value was much less than that, not exceeding $3,000; and that as the actual loss was 100 per cent. of the actual value, he is entitled to 100 per cent. of the insurance.

The relevant portion of Section 2718 is as follows:

"No fire insurance company or individuals writing fire insurance policies, doing business in this State, shall issue policies for more than the value to be stated in the policy, the amount of the value of the property to be insured, and the amount of insurance to be fixed by insurer and insured at or before the time of issuing said policies, and in case of total loss by fire, the insured shall be entitled to recover the full amount of insurance and a proportionate amount in case of partial loss."

Paraphrased, the statute would be interpreted thus:  If there should be a total loss of the property, the insured shall be entitled to the full amount of insurance; if there should be a partial loss, he shall not be entitled to the full amount of insurance, but to such proportion of the amount of insurance as is the ratio between the partial loss and a total loss if it had occurred.

We know what the partial loss in this case was, assuming it to have been the highest figure named by the insured both in his complaint and in his evidence, $3,000.  The difficulty is in ascertaining the other element in the proportion, what the total loss would have been if it had occurred.  Is this to be determined by the actual value of the building at the time of the fire, or by the agreed valuation, the basis of the contract of insurance?  In other words, does the agreed valua-

tion control the adjustment in the case of a partial loss as well as in the case of a total loss?

The purpose of the statute, in creating what is termed "valued policies," is, certainly in the event of a total loss, to conclusively fix the value of the property by previous agreement between the parties, that there could be no contention on the part of the insurance companies after the fire that the insured had overvalued the property and had consequently taken out more insurance upon it than he was entitled to carry. As in said in *Ins. Co. v. Bush,* 60 Neb., 116; 82 N. W., 313 :

"The statute, which is to be regarded as part of the contract, fixes conclusively the worth of the building which is the subject of insurance. If the property is wholly destroyed, its actual value is not to be determined by evidence, agreement, or arbitration. The damages are liquidated, and the measure of recovery already ascertained."

Such statutes have been sustained everwhere, and the policy of the law underlying them is declared to be, in the first place, to prevent fraud on the part of the insured in overvaluing the property to be insured; and in the second place, to prevent an unseemly controversy over a matter that ordinary diligence and fair dealing would require the insurer to settle before it issues the policy and accepts premiums based upon the subsequently contested valuation.

So far as a partial loss is concerned, it is obviously impossible, beforehand, to agree upon the value of the destroyed portion and the consequent damage and loss, and thus carry out the policy of the law in either of the particulars above stated.

And if the statute had not contained the provision: "The insured shall be entitled to recover  *  *  *  a proportionate amount (of the insurance carried) in case of partial loss," we think that it is clear that the valuation part of the statute would not have applied to the case of a partial loss.

But the statute contains a mandate that the "amount of the value of property to be insured  *  *  *  to be fixed by the insured and insurer at or before the issuing said policies," and proceeds to provide for the adjustment of the loss in the event of either a total or a partial loss, all in the same connection.   It seems impossible to conclude that the value of the property was intended to be fixed in the event of a total loss and absolutely open, in the event of a partial loss.

The proportion provided for in the event of a partial loss is that of the partial loss to the total loss if it had occurred, which latter element in the proportion is fixed by agreement at the valuation contained in the policy.

In the case at bar the valuation was fixed at $6,000, which under the statute is conclusively settled for all purposes as the "value of the property to be insured," and would represent the loss if it had been total; the amount of insurance was $4,000, and the damage, partial loss, $3,000.

The proportion would therefore be:   As is the total loss (agreed valuation), $6,000, to the partial loss, $3,000, so is the amount of insurance carried, $4,000, to the amount payable for the partial loss; or, stated in arithmetical form:

$$6000 : 3000 :: 4000 : X$$

$X=2000$, which represents the amount due upon the policy on April 1, 1922, for which the plaintiffs are entitled to judgment, with interest at 7 per cent. from the date.

The judgment of this Court should be that if the plaintiffs shall remit upon the record all of the judgment in excess of $2,000, with interest from April 1, 1922, at 7 per cent. per annum, within 10 days after the filing of the remitting herein with the clerk of the Circuit Court, the judgment of the Circuit Court be affirmed; otherwise, that it be reversed and a new trial be granted.

MR. JUSTICE MARION concurs.