## 12078

### AIKEN v. HOME INSURANCE CO.

#### (134 S. E., 870)

1. INSURANCE.—Agreement in fire insurance policy to submit to an appraisal and award is nothing more than an agreement to submit to an award, in accordance with statute.

2. INSURANCE.—In action on fire policy for partial loss of house, plaintiff's testimony that she sold lot with remains of building for $6,500, and that she valued lot at $4,000, *held* admissible as affecting extent of loss.

3. INSURANCE.—In action on fire policy involving question of extent of partial loss, exclusion of testimony as to estimated cost of replacement and of testimony as to actual cost of remodeling *held* not error.

4. INSURANCE.—In action on fire policy, amount of partial loss *held* properly ascertained by deducting value of salvage from agreed valuation in policy, rather than from value .fixed by appraisal.

5. INSURANCE.—In action on fire policy which recited an agreed valuation, finding of a lesser sound value by appraisers *held* not binding. .

Before TILLMAN, J., Greenwood, October, 1924. Affirmed.

Action by Annie C. Aiken against the Home Insurance Company. Judgment for plaintiff on directed verdict and defendant appeals. .

*Messrs. Benet Shand & McGowan, W. H. Nicholson* and *Jas. H. Fowles,* for appellant, cite: *Inadequacy of damages not ground for setting aside award of arbitrators in absence of fraud:* 105 S. C., 364; 70 S. C., 543; 62 S. C., 105; 58 S. C., 299; 11 L. R. A., 623; Ann. Cas., 1913-B, 1045 and note; 2 R. C. L., 389. *Loss of "specific charac-*

ter" of building by fire amounts to total loss:   56 L. R .A.,
784 and note.

*Messrs. Grier, Park & McDonald,* for respondent, cite:
*Sale price admissible as evidence of value:*   175 F., 261;
26 C. J., 537; 22 C. J., 185; 10 R. C. L., 955.   *Effect of*
*"valued policy statute" in case of partial loss:*   125 S. C.,
198, 119 S. E., 191.   *Award invalid:*   26 C. J., 425; 2
R. C. L., 394.

October 7, 1926.

The opinion of the Court was delivered by MR. ACTING
JUSTICE PURDY.

The defendant appellant insured the residence of the
plaintiff respondent in the sum of $1,000.   The building
was valued in the policy at $12,000, and a total of $8,000
was permitted, and it is admitted that there was the full
amount of $8,000 carried on the building—$1,000 by the
defendant.   The property was damaged by fire.   The re-
spondent insisted that her rights were fixed, as to value, by
the terms of the policy.   The appellant insisted on an ap-
praisal, and the respondent entered into an appraisal agree-
ment, but the agreement was "that the loss shall be fixed by
the appraisal of the same, under the terms of the policy in
question and the provisions of law applicable thereto."

When the award was made, the majority of the ap-
praisers valued the building at $10,500, and the damage at
$6,650, and the defendant claimed that it was liable for only
one-eighth of this sum, and offered to pay this into Court.
One of the appraisers filed a minority report fixing the value
of the building at $12,000, claiming that the terms of the
policy prevailed, and said that he was of the opinion that
the respondent's loss was $9,000.

This action was brought by the respondent, and judgment
was directed in her behalf, for the sum of $1,000.   The
trial Judge (Tillman) directed a verdict for $1,000 and in-

terest, and the appeal is from such direction, and upon a number of exceptions, seven in all.

The agreement to submit to an award is nothing more than an agreement to submit to an award in accordance with the statute. The agreement so expressly states, and if it did not so state, the Court would so construe it, because any other construction would be contrary to the statute. The value of the building having been fixed in the policy, it was not involved in the question submitted, to be passed upon.

The statute has been construed, and the liability of the insurer and the rights of the insured, under policies of this kind, have been fixed in the case of *Parnell v. Insurance Co.*, 126 S. C. at page 198; 119 S. E., 191; 32 A. L. R., 648, in which it was held that, in case of loss, the insured could recover the full amount of the insurance, and a proportionate amount, in case of a partial loss; "proportionate amount" meaning an amount in proportion to the loss and not proportionate to the amount of the policy. This is reaffirmed in Columbia Real Estate & Trust Co. v. Royal Exchange Assurance Co., 132 S. C., 427; 128 S. E., 865.

There was a loss in this case equal to the total amount of insurance, and there was no basis for prorating.

The respondent testified that she had sold the lot with the remains of the building for $6,500, and she valued the lot at $4,000. Other witnesses likewise testified as to the value.

The exceptions impute error in admitting this testimony over the objections of the appellant, and error in refusing to permit the witnesses, Mrs. Foster McCaslan and B. F. Barnes, to testify as to the amount which it would have taken to replace the burned portions of the damaged building; and a similar objection was made to excluding the testimony of J. L. Smith and J. S. Bailey as to their estimates of the loss and damage from the standpoint of replacement, and in not permitting R. E. Gaines to

testify what it had cost him to remodel the building after
the fire; that there was error in directing a verdict for the
full amount, on the ground that the only method of ascer-
taining loss and damage under the insurance policy was to
estimate the value of the salvage or remains, and deduct
such value from the correct value of the building under the
policy, in that the policy and the statute do not specify any
methods of ascertaining partial loss to a building; in that
there had been a submission to appraisers, and that a finding
of a majority was binding; that there was error in refusing
to direct a verdict for the defendant, because the appraisal
was binding; and that there was error in not directing a
verdict for the defendant and in holding that the appraisal
and award were not binding upon the respondent, inasmuch
as said appraisal and award attempted to vary the agreed
valuation of the building, and in that the finding of the ap-
praisers on the sound value of the building should be dis-
carded as surplusage and the loss and damage as ascertained
and found by the appraisers as representing the cost and
replacement of the portions of the building burned was bind-
ing on the respondent.

We are of the opinion that his Honor, the trial Judge, did
not commit error in his rulings, and the exceptions should
be and are overruled, and the judgment should be and is
affirmed.

Mr. Chief Justice Gary and Mr. Justice Watts con-
cur.

Mr. Acting Associate Justice Marion (concurring) :
I think the result reached is consistent with, if not absolutely
required by, the construction of the statute adopted by this
Court in *Columbia Real Estate & Trust Co. v. Royal Ex-
change Assurance Company,* 132 S. C., 427, 128 S. E.,
865, and in *Parnell v. Insurance Company,* 126 S. C., 198;
119 S. E., 191; 32 A. L. R., 648. I therefore concur in
the result of Mr. Justice Purdy's opinion.

MR. JUSTICE COTHRAN (dissenting). Action upon a policy of insurance for $1,000 covering loss or damage by fire to a dwelling house owned by the plaintiff in the City of Greenwood. A fire occurred on February 15, 1924, during the life of the policy, by which, in the language of the complaint, the house was "partially destroyed."

The policy was a "valued policy," under the statute of South Carolina, Section 4095, Vol. 3, Code of Laws, 1922, the agreed valuation of the property being fixed at $12,000, and the amount of permitted insurance at $8,000.

The plaintiff had procured policies to be issued as follows:

Liverpool & London & Globe Insurance Company...$3,000
Rhode Island Insurance Company : .............. 4,000
Home Insurance Company ..................... 1,000

Total .................................$8,000

The plaintiff contends that the value of the portion of the building which remained after the fire was $3,500, and that the loss sustained was the difference between the agreed valuation, $12,000 and this $3,500, namely $8,500, which entitles her to recover upon all of the policies the total amount of insurance, $8,000, $1,000 of which is recoverable upon the policy sued upon in this case.

Pursuant to the terms of the policy, the adjustment of the loss was submitted to three appraisers appointed in the usual way. A majority of the appraisers reported the sound value of the building, that is, its actual value prior to the fire, as $10,500 and the loss and damage $6,650. The third appraiser dissented from the report, holding that the loss must be ascertained by deducting the value of what remained after the fire, $3,000, from the agreed valuation $12,000, leaving $9,000 as the value of the portion lost or damaged by the fire.

The plaintiff, in her complaint, anticipated the defense of the insurance company that the report of the appraisers was

conclusive by attacking the report as having been based upon
a legally incorrect method of ascertaining the amount of the
loss.   There is no contest over either of  the propositions
that the policy in question is a valued policy under the
statute, or that the loss was a partial loss.   For convenience,
the matter will be discussed as if there were a single policy
of $8,000 upon the property, instead of three policies aggre-
gating that amount.

The following data were contended for by the respondent:

Agreed valuation .............................$12,000
Amount of actual loss ........................  8,500
Amount of insurance ..........................  8,000

The appellant contends:

Agreed valuation .............................$12,000
Sound value of building before the fire ......  10,500
Amount of actual loss ........................  6,500
Amount of insurance ..........................  8,000

The insured arrives at the amount of the actual partial
loss by deducting from the agreed valuation $12,000, the
actual value of the salvage $3,500, leaving $8,500.   The in-
surers arrive at the same item from the report of the ap-
praisers fixing it at $6,650.

The contention of the insured, as we understand it, is that
the agreed valuation of $12,000 upon the building must be
taken for all purposes as the sound value of the building be-
fore the fire, and that the amount of the partial loss can
only be ascertained by deducting the value of the salvage
from the amount of the agreed valuation.

We do not agree to this proposition for several reasons.
In the first place, if it should appear that the agreed valua-
tion was an overvaluation, for instance, if the sound value
should be $10,500 and the agreed valuation $12,000, every
dollar of the sound value would by agreement be worth
$120/105 = 8/7$ of a dollar, $1.142857, and the actual value
of the salvage, $3,500, expressed in terms of the agreed
valuation would be worth $3,500 $x$ 1.142857 = $4,000.

This deducted from the agreed valuation of $12,000 leaves $8,000 as the amount of the partial loss, instead of $8,500 as claimed by the insured.    In the second place, if it should appear that the agreed valuation was an undervaluation, for instance, as in the pending case of *Columbia R. E. Co. v. Ins. Co.,* where the sound value was $25,000, the agreed valuation $9,000, and the actual partial loss $12,500, to adopt the rule contended for by the insured would present the impossible problem of deducting $12,500 from $9,000.

Assuming the correctness of the data contended for by the insured in this case, the proper method of ascertaining the proportionate amount of the insurance recoverable by the insured is to formulate a proportion.    The agreed valuation is to the amount of the partial loss, expressed in terms of the agreed valuation, as the amount of the insurance is to the amount of insurance recoverable; that is : 12,000 : 8,500 $x$ 1.42857 : : 8,000 : $x$.    $x = 6,476.19$.    Or, which attains the same result :    The sound value is to the actual partial loss as the amount of insurance is to the amount of insurance recoverable; that is: 10,500 : 8,500 : : 8,000 : $x$. $x = 6,476.19$.    Upon this basis the defendant company would be liable for one-eighth of $6,476.19 = $809.52.

Assuming the correctness of the data contended for by the insurers, the proper proportion would. be:    10,500 : 6,650 :: 8,000 : $x$.    $x = 5,066.66$.    Or, which attains the same result, expressing both the sound value of and the actual partial loss in terms of the agreed valuation:    10,500 × 1,142857 : 6,650 × 1,142857 :: 8,000 : $x$.    12,000 : 7,600 :: 8,000 : $x$.    $x = 5,066.66$.    Upon this basis the defendant company would be liable for one-eighth of $5,066.66 = $633.33.

The trial Judge directed a verdict for the full amount of the policy held in the defendant company upon the ground that there appeared no issue for submission to the jury, and that the appraisal required by the provisions of the policy is in conflict with the statute law of this State; in effect sus-

taining the correctness of the plaintiff as to the method of ascertaining the actual partial loss.

We think he was in error as to both propositions.    The method for ascertaining the partial loss suggested by the insured is clearly wrong as has been shown; the vital issue for submission to the jury was the amount of the actual partial loss which must form one term in the proportion necessary to establish the amount of the recovery; there is nothing of conflict between the statute and the appraisal provision of the policy, as both the sound value and the actual partial loss must be ascertained in order to formulate the proportion; the sound value is to the actual partial loss as the amount of insurance is to the amount of insurance recoverable; or which attains the same result:   the agreed valuation is to the actual partial loss, expressed in terms of the agreed valuation, as the amount of insurance is to the amount of insurance recoverable.

We think he was also in error in excluding evidence of the replacement cost.   It is difficult to conceive of a more satisfactory method of establishing the actual partial loss from a fire than to establish what it would cost the owner to restore the building to its former condition.

In the case of *Bice v. Ins. Co.,* 1 W. W. Harr., 294 (31 Del), 114 A., 211, the Court construed the statute of Delaware as providing that all policies, whether in the event of a total or a partial loss, must be deemed valued policies, and that the agreed value controlled in the adjustment of a loss of either description.

The Court says:

"The agreed value in the policy is designed, not to fix the value of a part, but to furnish the basis upon which settlement shall be made in case of any loss.    And it is not, as defendant contends, destructive of the agreement of the parties that in case of disagreement as to the loss, the same shall be ascertained by appraisers.    Even though the agreed value governs in case of partial loss, there would still be

reason for the appointment of appraisers in case of disagreement as to the loss. Their duty is not to fix the value of the property destroyed, but the amount of the loss the insured has sustained; and this is done, we apprehend, by estimating what it will cost to repair or replace the property destroyed."

The attack upon the report of the appraisers upon the ground that they adopted an erroneous method of ascertaining the partial loss has failed; the insured is bound by that appraisal; hence the figures as to sound value and actual partial loss are conclusive upon her, and the proportion above stated based upon those figures ends the controversy.

It may be proper to state that the foregoing opinion is in conformity with the opinion of the writer in the case of *Columbia R. E. Co. v. Ins. Co.,* now pending in this Court. Reference is made thereto for a more elaborate discussion of the principle which under the valued policy law of this State, Section 4095, Vol. 3, Code of 1922, must control in the adjustment of a partial loss.

The judgment of this Court should be that the judgment appealed from be reversed and a new trial had, unless the plaintiff shall within 10 days after the filing of the remittitur indorse upon the record a remission of all of said judgment in excess of $633.33 plus interest, as provided for in the policy, and in that event that the judgment as thus reduced be affirmed.