### FORD *ET AL.* v. GEORGE WASHINGTON FIRE INS. CO

#### (137 S. E., 678)

1. INSURANCE—PORTION OF APPRAISERS' AWARD FINDING ACTUAL VALUE OF BUILDING DESTROYED TO BE LESS THAN STIPULATED VALUE IN "FIXED VALUE" POLICY HELD SURPLUSAGE (CIV. CODE 1922, § 4095).—Where appraisers found that value of building destroyed by fire was $4,000.00, as prescribed in "fixed value" policy, and that loss was two-thirds thereof, the further finding that the actual value of the building at the time of the fire was $3,000.00, and that loss was $2,000.00, *held* mere surplusage, in view of Civ. Code 1922, § 4095.

2. INSURANCE—INSURED UNDER FIXED VALUE POLICY AFTER TWO-THIRDS LOSS HELD ENTITLED TO TWO-THIRDS OF FIXED VALUE RATHER THAN OF ACTUAL VALUE, WHICH WAS LESS (CIV. CODE 1922, § 4095).—Where insurance policy fixed value of building at $4,000.00 and appraisers found that it had been two-thirds destroyed by fire, insured was entitled to two-thirds of $4,000.00, notwithstanding appraisers also found that actual value of building at time of fire was but $3,000.00, the value stipulated in the policy being controlling, under Civ. Code 1922, § 4095.

MR. JUSTICE COTHRAN, dissenting.

Before SHIPP, J., Anderson, October, 1925. Affirmed.

Action by Mrs. Angie Ford and another against the George Washington Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Mr. Thomas Allen,* for appellant, cites: *"Valued policy"; contract no less one of indemnity:* Joyce on Ins. (2nd ed.), Par. 25; 57 S. C., 354. *Intention of Statute not to give insured more than actual loss:* 126 S. C., 198. *Common law rule:* 14 R. C. L., 1301, Sec. 475. *Legislative intent not to change rule by Statute:* 25 R. C. L., 1054, Sec. 280. *Statute forbids use of actual value of building as basis for proportion:* 57 S. C., 356; 132 S. C., 427.

*Mr. A. H. Dagnall,* for respondent, cites: *Purpose of Sec. 4095, Code, 1922, to fix value of property destroyed:* 126 S. C., 198; 132 S. C., 427.

February 24, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a fire insurance policy issued by the defendant on the house of the plaintiff Mrs. Ford; H. G. Anderson, the other plaintiff, is a mortgagee, to whom the loss was payable. The policy was issued on November 3, 1924, to continue in force for one year. The agreed (in the policy) value of the house was $4,000.00, and the amount of insurance 3,000.00. On May 26, 1925, the house was partially destroyed by fire. An appraisal was had, and the umpire and appraisers, on June 26, 1925, filed an award in the following language:

"We find the value of the building as per policy $4,000.00, and the loss by fire two-thirds thereof, making the loss $2,666.66. (We. further find that the actual value of the building at the time of the fire to be $3,000,00, and the loss $2,000.00.)"

The plaintiffs contended that, as the value of the building was agreed in the policy to be $4,000.00, they were entitled to two-thirds of $4,000.00, or $2,666.66. The defendant contended that, as the actual value of the building at the time of the fire was $3,000.00, and the actual loss $2,000.00, its liability should not be more than two-thirds of $3,000.00,

or $2,000.00, and upon its refusal to pay a larger sum than that the plaintiffs brought this action.

Jury trial was waived and the case submitted to his Honor, Judge Shipp, on an agreed statement of fact, which contained the appraisers' award already set forth, and also the following paragraph:

"(3) It is further admitted that the actual value of the building so insured immediately prior to the fire was the sum of $3,000.00; that the actual loss and damage thereto caused by the fire was the sum of $2,000.00; that the fractional damage to said buiding by fire was two-thirds of the value thereof at the time of the fire; and that said building at 'the time that the insurance was issued was worth $3,000.00, no material depreciation having occurred from date of insurance to time of fire."

Judge Shipp gave judgment for the plaintiffs for the full amount contended for by them.

From the decree of Judge Shipp the defendant appeals, the sole issue being whether the defendant's liability amounts to $2,000.00, or to $2,666.66.

The question to be decided involves the construction of Section 4095, 3 Code 1922, in a case where there has been a partial loss by fire under a "fixed value" policy.

The pertinent portion of the Section is as follows:

"No fire insurance company or individuals writing fire insurance policies, doing business in this State, shall issue policies for more than the value to be stated in the policy, the amount of the value of the property to be insured, and the amount of insurance to be fixed by insurer and insured at or before the time of issuing said policies, and in case of total loss by fire, the insured shall be entitled to recover the full amount of insurance and a proportionate amount in case of partial loss."

The case of *Aiken v. Home Insurance Co.,* reported in 137 S. C., 248; 134 S. E., 870, is the latest utterance of this Court upon this subject. That was a case where the

total value of the building fixed in the policy was $12,000.00, and the total insurance was $8,000.00, $1,000.00 of which was with the defendant company. The property was partially destroyed by fire. The question of the amount of loss sustained was submitted to appraisers, the majority of whom made an award fixing the sound value of the property at $10,500.00, and the loss at $6,650.00. The defendant claimed that its liability was limited to one-eighth of the amount of the loss as fixed by the appraisers. The plaintiff claimed that the terms of the policy prevailed as to the value of the property, and an action was brought for the whole amount of the insurance. On trial of the case, the presiding Judge directed a verdict for the plaintiff against the company in the sum of $1,000.00, the full amount of the policy. On appeal this Court held, as to cases where claims are made for insurance on property partially destroyed by fire, (1) that an agreement to submit to an award is an agreement to submit to an award in accordance with the Statute; (2) that the value of the building, being fixed in the policy, is not involved in the question submitted to be passed upon by the appraisers; (3) that the appraisal and award is not binding upon the insured, where the appraisers attempt to fix a different value for the property than that agreed upon in the policy; and (4) that the finding of the appraisers as to the sound value of the property should be discarded as surplusage.

Under the authority of the Aiken case, we conclude 1, 2 that the following statement in the award in the present case must be rejected as surplusage:

"We further find that the actual value of the building at the time of the fire to be $3,000.00, and the loss $2,000.00."

Hence the only portion of the award having any legal effect was that portion which found the value of the building, as fixed in the policy, to be $4,000.00, and the loss to be two-thirds thereof, or $2,666.66.

The applicability to the present case of the principle

15—S. C.—139

advanced in the Aiken case, that the value fixed in the policy must govern in case of partial loss, is not affected by the circumstance that the respondent, as shown in the statement of fact, agreed that the actual (or sound) value of the building was $3,000.00, and the actual loss, $2,000.00.

The respondent has duly maintained, throughout this case, that the actual value of the building has nothing to do with the question at issue; that the conceded actual loss of $2,000.00 is nothing more than the result of, and is found by, applying to the actual or sound value the finding of the appraisers that the fractional damage to the building was two-thirds of its value; and that the agreement relating to actual value and actual loss does not mean that the respondent admits that, under the policy and the award of appraisers, she is not entitled to more than $2,000.00. Nor does she concede that to take two-thirds of the sound value of the building in determining the loss is the correct and legal way to arrive at the amount which she is entitled to recover under the policy.

We agree with this contention. The value of the building was agreed to by the parties when the policy was issued as $4,000.00, and the respondent paid the premium based upon such agreed value. The appraisers found the loss to the plaintiff by fire to be two-thirds of such value, or the total sum of $2,666.66. Neither the appraisers nor any one of the parties to the policy could change this value. It is a part of the contract, and, in the absence of fraud, both parties are bound by it.

The facts of actual (or sound) value and actual loss, determined in relation to such sound value, have no greater weight when conceded by the respondent than they would have had if established in any judicial manner; and no matter how established, they could not fix the value of the building for purposes of settlement of any loss under the policy, as that would be contrary to the Statute; and, as the agreed value must be accepted whether it is the actual

value or not, it follows that the amount of any partial loss must necessarily be determined by reference, not to the actual or sound value, but to the agreed value as fixed in the policy.

All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE WATTS, MR. JUSTICE BLEASE, and MR. ACTING ASSOCIATE JUSTICE RAMAGE, concur.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE COTHRAN (dissenting). Two quite divergent opinions have been entertained by the members of this Court in reference to the construction of Section 4095, Volume 3, Code 1922. The majority have held, in the cases of *Parnell v. Ins. Co.,* 126 S. C., 198; 119 S. E., 191; 32 A. L. R., 648. *Columbia Co. v. Ins. Co.,* 132 S. C., 427; 128 S. E., 865, and *Aiken v. Ins. Co.,* 137 S. C., 248; 134 S. E., 870, that, in the event of partial loss, the insured is entitled to the full amount of his actual loss if within the amount of his insurance, construing the contract as one of strict indemnity; the minority have contended that the insured is entitled to such a ratio of the amount of his insurance as the sound value (not agreed valuation) bears to the actual loss, construing the contract as a valued policy.

The opinion of Mr. Justice Stabler adopts neither of these constructions, but insists that the insured is entitled to such a ratio of the agreed valuation as the agreed valuation bears to the actual loss, expressed in terms of the agreed valuation.

In the Parnell case the elements were:

Agreed valuation .......................... $6,000.00
Sound value .............................. 4,000.00
Actual loss .............................. 3,000.00
Amount of insurance ...................... 4,000.00

The application of what I may denominate the majority rule entitled the insured to $3,000.00, the amount of his actual loss, within the amount of the insurance, $4,000.00. The application of what I may denominate the minority

contention would have entitled the insured to the same amount: 4,000 :3,000 : :4,000 :X=$3,000. (I confess to an error in the statement of the proportion in my dissenting opinion: 6,000 :3,000 : :4,000 :X=$2,000. It should have been as above stated: 4,000 :3,000 : :4,000 :X=$3,000.)

The application of the rule suggested in the opinion of Justice Stabler would have entitled the insured to $4,500, limited, of course, to the amount of insurance $4,000: 4,000 :3,000 : :6,000 :X=$4,500; or, which attains the same result: 6,000 :4,500 : :6,000 :X=$4,500; that is, sound value or agreed valuation is to the actual loss, or actual loss expressed in terms of the agreed valuation, as the agreed valuation is to the amount recoverable, an excess of $1,-000.00 over the amount recoverable under either of the other two constructions; that amount being also in excess of the amount of actual loss, $3,000.00, and allowing the insured as much for a partial loss as if the building had been a total loss.

In the case at bar, the elements are:

Agreed valuation .........................$4,000.00
Sound value ............................. 3,000.00
Actual loss ............................. 2,000.00
Amount of insurance ..................... 3,000.00

The application of the majority rule would entitle the insured to $2,000.00, the amount of his actual loss, within the amount of the insurance, $3,000.00. The application of the minority contention would entitle the insured to exactly the same amount: 3,000 :2,000 : :3,000 :X=$2,000; that is, sound value is to actual loss as the amount of insurance is to the amount recoverable.

The application of the rule suggested in the opinion of Justice Stabler would entitle the insured to $2,666.66: 3,000 :2,000 : :4,000 :X=$2,666.66; or, which attains the same result: 4,000 :2,666.66 : :4,000 :X=2,666.66; that is, sound value or agreed valuation is to actual loss, or actual loss expressed in terms of the agreed valuation, as the

*agreed valuation* is to the amount recoverable; an excess of $666.66 over the amount recoverable under either of the other two constructions, and that amount in excess of his admittedly actual loss.

In the *Columbia Real Estate Co.* case the elements were (using round figures):

Agreed valuation .........................$ 9,000.00
Sound value ............................... 25,000.00
Actual loss ................................ 12,500.00
Amount of insurance ....................... 7,500.00

The application of the majority rule entitled the insured to his actual loss up to the amount of the insurance, $7,500.-00. (The actual loss was $12,500.00, but recovery, of course, was limited to the amount of the insurance.) The application of the minority contention would have entitled the insured to: 25,000:12,500::7,500:X=$3,750; that is, sound value is to actual loss as the amount of insurance is to the amount recoverable.

The application of the rule suggested in the opinion of Justice Stabler would have entitled the insured to $4,500.00: 25,000:12,500::9,000:X=$4,500; or, which attains the same result: 9,000:4,500::9,000:X=$4,500; that is, sound value or agreed valuation is to actual loss or actual loss expressed in terms of the agreed valuation as the agreed valuation is to the amount recoverable, a deficiency of $3,000.00 in the amount recoverable under the majority rule, and an excess of $750.00 over the amount recoverable under the minority contention. The second term in the second proportion represents the actual loss, 12,500.00, expressed in terms of the agreed valuation, nine twenty-fifths of a dollar. If it should not be thus reduced and the rule suggested by Justice Stabler should be strictly followed, the proportion would appear in this abnormal shape: 9,000:12,500::9,000:X=$12,500.

In the Aiken case, the elements were:

Agreed value ...............................$12,000.00
Sound value ...............................  10,500.00
Actual loss ...............................   8,500.00
Amount of insurance .......................   8,000.00

The application of the majority rule entitled the insured to $8,500.00, her actual loss, limited, of course, by the amount of insurance, $8,000.00

The application of the minority contention would have entitled the insured to $6,476.19: 10,500:8,500::8,000:X= $6,476.19; that is, sound value is to actual loss as the amount of insurance is to the amount recoverable.

The application of the rule suggested in the opinion of Justice Stabler would have entitled the insured to $9,714.28: 10,500:8,500::12,000:X=$9,714.28; or, what attains the same result: 12,000:9,714.28::12,000:X=$9,714.28; that is, sound value or agreed valuation is to actual loss or actual loss expressed in terms of the agreed valuation as the agreed valuation is to the amount recoverable, an excess of $1,200.00 over the amount recoverable under the majority rule, and of $3,200.00 over the amount recoverable under the minority contention. The second term in the second proportion represents the actual loss, $8,500.00, expressed in terms of the agreed valuation, $1.142857 per dollar. If it should not be thus increased and the rule suggested by Justice Stabler should be strictly followed, the proportion would appear in this form: 12,000:8,500::12,-000:X=8,500; $500.00 more than the insurance, and, as in the other proportion, permitting the recovery of as much for a partial loss as for a total loss.

In my opinion, as stated, this Court should adopt either the indemnity rule or the valued policy rule and stick to it in all cases. It happens in some instances, as in the *Columbia* case, that the actual loss exceeds the agreed valuation; there the actual loss was $12,500.00 and the agreed valuation was only $9,000.00, the amount of insurance being

$7,500.00. In that case the majority rule of indemnity was more favorable to the insured, for under its application the insured was allowed to recover the full amount of his insurance, as much as he would have recovered if the loss had been total, an obvious incongruity, as I construed it, in the face of the Statute which limited him to a *proportionate* amount of the insurance. If that rule should be applied to the case at bar, the insured could receive not more than $2,000.00, his actual loss; and yet, where the loss exceeds the valuation, the majority rule is applied, giving the insured the full amount of his actual loss, while where conditions are reversed and the loss is *less* than the valuation, the indemnity rule is disregarded and the valued policy rule is applied in such a way as to give the insured $666.66 more than his actual loss.

Mr. Justice Stabler sustains the contention of the insured that the actual value of the building at the time of the fire, found by the appraisers to have been $3,000.00 and agreed to by counsel for the insured in the stipulation, and the actual loss, similarly fixed at $2,000.00, have nothing to do with the case, and eliminates them from consideration.

I think that the report of the appraisers displays a wonderfully accurate conception. They say:

"We find the value of the building *as per policy* (that is, *the agreed valuation*) $4,000.00, and the loss by fire two-thirds thereof, making the loss $2,666.66. We further find that the *actual value* of the building at the time of the fire to be $3,000.00, and the loss, $2,000.00."

It is manifest that if the sound value of the building was $3,000.00, and the agreed valuation was $4,000.00, every dollar of the $3,000.00 building was, by agreement, valued at $1.33 1/3; hence in stating the amount of the actual loss, $2,000.00, in conformity with the agreed valuation, the actual loss must be placed at 2,000x$1.33 1/3=$2,666.66.

Now, in determining the ratio between the value of the building and the loss, it is immaterial whether the sound

value be compared with the actual loss, or the agreed valuation be compared with the actual loss, stated in terms of the agreed valuation, thus: 3,000 :2,000=66 2/3; 4,-000 :2,666.66=66 2/3.

In either case, the loss is shown to have been two-thirds.

The finding of the appraisers and the stipulation of counsel that the sound value of the building was $3,000.00, and the actual loss, $2,000.00, cannot be eliminated without destroying the conclusive evidence that the appraisers, in stating previously that the loss was $2,666.66, meant to convert what they found the actual loss to have been, $2,-000.00, into terms of the agreed valuation, and not as a flat finding that that was the amount of the actual loss.

The Statute provides:

"In case of *total* loss by fire, the insured shall be entitled to recover the *full* amount of insurance, and *a proportionate amount* (of the insurance) in case of partial loss."

In other words, if the loss should be 100 per cent. of the building, the insured should recover 100 per cent. of the insurance, regardless of the actual value of the building; if the loss should be partial, he should recover such percentage of the insurance as is the ratio between either the actual value and the actual loss, or between the agreed valuation and the actual loss expressed in terms of the agreed valuation. It cannot mean anything else.

Instead of following this, to me, perfectly plain mandate, Justice Stabler has found the ratio between the agreed valuation and the actual loss expressed in terms of the agreed valuation, and calculated that percentage upon the *agreed valuation,* when the Statute requires it to be calculated upon the *amount of the insurance.*

The matter is sufficiently confused without the adoption of a formula differing materially from the majority rule and the minority contention.

I think that it is unfortunate that the law was enacted as it is. It is exceedingly questionable whether a valued

policy responds to the anticipated benefits, but that is a legislative and not a judicial matter. I may say, however, that if the policy of the State should continue in favor of a valued policy law, instead of the present limitation as to recovery in case of partial loss, it could readily be amended by providing that the insured should recover the full amount of his loss up to the amount of insurance and not limit him as the Statute does to a proportionate amount.

I think, therefore, that the judgment of this Court should be that the judgment of the Circuit Court be reversed, unless within 10 days after the filing of the remittitur the plaintiff remit upon the record all of the judgment in excess of $2,000.00, with interest; in that event, that the judgment so reduced be affirmed.