13384

BRUNER *ET AL.* v. AUTOMOBILE INSURANCE CO. OF HARTFORD, CONN.

(164 S. E., 134)

*Mr. S. K. Nash,* for appellant,

*Messrs. Epps & Levy,* for respondents,

April 3, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

Mrs. Bruner, one of the respondents, owned a dwelling house in the City of Sumter. Epps & Levy, as attorneys for Mrs. Miller, also respondents, held a mortgage over the premises, on which the house was located.

Mrs. Bruner carried on the house a fire insurance policy in the Hudson Insurance Company for $1,500.00, and two policies, each in the sum of $1,500.00, in the Automobile Insurance Company. The total amount of the insurance was $4,500.00. Under the terms of the mortgage of Mrs. Bruner to the attorneys for Mrs. Miller, the mortgagee had an interest in the insurance policies.

In all the policies, the agreed value of the house was fixed at $6,000.00.

The house was partially destroyed by fire. Thereafter, the owner sold the lot and the remains of the building for $1,-750.00.

The respondents and the two insurance companies failed to reach a satisfactory settlement as to the loss. The respondents then entered suits to collect the full amount of the insurance, $4,500.00, from the two insurance companies.

The suit against the Hudson Insurance Company for $1,500.00 resulted in a judgment in the full amount claimed by the respondents, and the defendant in that case, without appeal, paid the judgment.

The suit in the case at bar for $3,000.00, tried before his Honor, Circuit Judge P. H. Stoll, and a jury, in the Court of Common Pleas for Sumter County, resulted in a verdict and judgment in favor of the respondents for $3,000.00, the amounts of the two policies, together with the interest due on the sums. From that judgment, the Automobile Insurance Company has appealed.

The appellant has presented five exceptions, but its counsel, in a very clear and concise argument, has stated that there are but two issues, and we shall follow his statement as to those.

The first issue is this: "Where a building covered by insurance is partially destroyed, what is the proper method of ascertaining the amount payable under the statute?"

As to "the proper method," the Circuit Judge, at the request of the respondents, gave the following instructions to the jury: "In the case of partial loss by fire, in order to determine the same, the jury will take the agreed value as stated in the policy, and from it subtract the value of the salvage or proportion of the house remaining after the fire, as they find the same from the preponderance of the evidence, and the result will give the amount of damage, as contemplated in law."

The appellant contends that the charge was erroneous, for the reason that "the proper method of ascertaining the amount of damage where an insured building is partially destroyed by fire, is to determine the proportionate part of the building so damaged, in relation to the whole building."

The law, as declared by the Court, was a correct announcement under the authority of *Ford v. George Washington Fire Insurance Company,* 139 S. C., 212, 137 S. E., 678, 680, which is really the last case of this Court construing the language of Section 4095, Volume 3, Civil Code of 1922 (Section 7977, 1932 Code), as to the liability of a fire insurance company for loss under a policy in which the value of the building is stated and agreed upon by the company and the insured.

In the *Ford case,* the agreed value, fixed in the policy, of an insured house was $4,000.00. The insurance carried was $3,000.00. The house was partially destroyed by fire. The appraisers found that the actual value of the building at the time of the fire was $3,000.00. The loss was declared to have been two-thirds of the value of the building. His Honor, Circuit Judge Shipp, who tried the case on an agreed statement of facts, gave judgment in favor of the insured for two-thirds of the agreed value, $4,000.00, amounting to $2,666.66. The insurance company contended it should have been required to pay only $2,000.00, two-thirds of the actual value of the house. This Court affirmed the judgment below.

In the opinion for this Court, Mr. Justice Stabler made the following statement of the law applicable to the facts:

"The value of the building was agreed to by the parties when the policy was issued as $4,000.00, and the respondent paid the premium based upon such agreed value. The appraisers found the loss to the plaintiff by fire to be two-thirds of such value, or the total sum of $2,666.66. Neither the appraisers nor any one of the parties to the policy could change this value. It is a part of the contract, and, in the absence of fraud, both parties are bound by it."

" * * * and, as the agreed value must be accepted whether it is the actual value or not, it follows that the amount of any partial loss must necessarily be determined by reference, not to the actual or sound value, but to the agreed value as fixed in the policy."

The appellant's counsel, in the argument submitted, while referring to the *Ford case,* has not discussed it. He seems much concerned, and perhaps properly so, by his failure, as he states, "to reconcile the case of *Aiken v. Home Insurance Co.,* 137 S. C., 248, 134 S. E., 870, and that of *Columbia Real Estate & Trust Co. v. Royal Exchange Assurance Co.,* 132 S. C., 427, 128 S. E., 865," the decisions in which two cases he has discussed in a most interesting way.

In the *Ford case,* Mr. Justice Cothran, who dissented from the holding of the majority of the Court, as announced by Mr. Justice Stabler, called attention to the fact that the members of the Court in the *Aiken* and *Columbia Real Estate cases* and in the case of *Parnell v. Insurance Company,* 126 S. C., 198, 119 S. E., 191, 32 A. L. R., 648, had entertained "two quite divergent opinions * * * in reference to the construction of Section 4095, Vol. 3, Code 1922 [Section 7977, 1932 Code]," and he pointed out that Mr. Justice Stabler, who spoke for the majority of the Court, had adopted "neither of these constructions."

We deem it altogether unnecessary to enter into a discussion of the holdings and apparent conflicts in the *Columbia Real Estate* and *Aiken cases.* Conceding with appellant's counsel that the decisions rendered in those two cases are not in entire harmony, we may say that it was the purpose of the Court in the *Ford case* to announce what the justices, who participated therein, conceived to be the proper construction of the statute mentioned. A further examination of the statute is convincing that the construction given its language in the opinion of Mr. Justice Stabler in the *Ford case* was correct, and, in the case at bar, we take the opportunity to announce our approval of that construction. If any holding in either the *Columbia Real Estate case* or in the *Aiken case* is in conflict with any holding in the *Ford case,* the holding in the latter case, as the last expression of this Court, will be followed by us.

The second issue for determination, as stated by the appellant, is this: "Was it error for the trial Judge to strike out testimony as to estimated and actual costs of repairs of the partially destroyed insured building?"

When the appellant offered testimony to show what were the costs of repairing the building, the Court admitted it. On later consideration, and having had called to his attention the decision of this Court in the *Aiken case supra,* he came to the conclusion that he had erroneously admitted the testimony, and charged the jury not to consider it. In the *Aiken case,* it was held: "In action on fire policy involving question of extent of partial loss, exclusion of testimony as to estimated cost of replacement and of testimony as to actual cost of remodeling held not error." Syllabus.

The learned trial Judge, when he discovered he had committed error, did what it was his duty to do—took steps to correct it. If he had not corrected that error, and the appellant had won its case, or received a verdict and judgment more favorable to it, this Court would have corrected the error, so the appellant has lost nothing.

It is strongly urged by the appellant's very fair counsel that, if the judgment below is affirmed, the result will be that the respondent will recover $1,224.00 more than the highest estimate of the contractors for a reconstruction of the building, and $2,700.00 more than the actual costs of its repairs. This appears, from very strong evidence offered by the appellant in the trial, to be true. But with that this Court has nothing to do. In the *Parnell case, supra,* this Court, through Mr. Justice Fraser, a distinguished citizen of the good City of Sumter, from whence this case comes, a jurist always zealous in determining causes justly, in referring to the statute involved here (then Section 2718 of the 1912 Code), had this to say: "A man wants to insure his house. The house is standing, and its value can be fixed with certainty, and a little trouble enables the insurer and insured to fix a value that is just to all parties. When the

house is destroyed by fire, an estimate of the value of the house that was and is no more cannot be fixed with any degree of certainty. An insurer might collect premiums of insurance for 10 years at a value of $6,000.00, and then after the possibility of a just estimate of the value was gone, the insurer could say the house never was worth more than $2,000.00. This condition was intolerable, and the Legislature said, 'Fix the value at the time of issuing the policy of insurance, while the house is still in existence.' "

We find no reversible error in the trial of the cause, as complained of by the appellant, and the judgment of this Court is that the judgment below be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.