13776

FOWLER *ET AL.* v. MERCHANTS' FIRE ASSURANCE CORP.

(172 S. E., 781)

Before GRIMBALL, J., Anderson, February, 1933.

*Mr. G. Cullen Sullivan,* for appellant,

. *Messrs. Joseph L. Nettles* and *Stephen Nettles,* for respondent,

February 14, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

In September, 1931, the defendant insured one G. P. Fowler against loss, in a sum not exceeding $3,000.00, through damage by fire to a building owned by him. The value of the house was fixed in the policy at $4,000.00. In August, 1932, the building being partially destroyed by fire,

demand was made upon the defendant for the full amount of the insurance, which the company refused to pay. In November, 1932, the insured died, and thereafter this action was brought by his widow, Mrs. Maggie Fowler, as executrix of his will, and by the Security Mortgage Company, a mortgagee, to whom the loss was made payable as its interest might appear. Judgment was asked for in the sum of $3,000.00.

The defendant, answering, admitted the issuance of the insurance and that the property was damaged by fire about the time alleged in the complaint, but pleaded as a defense the provision of the policy for the appointment of disinterested appraisers, in the event of disagreement between parties, to estimate and appraise the loss or damage, and alleged that such an agreement for submission to appraisers had been entered into between the plaintiffs and the defendant, and that the appraisers named had rendered an award in writing, fixing "the proportion of the building destroyed by fire to be thirty-five and one-half (35½) per cent thereof," and that the defendant had offered at all times to pay plaintiffs, in accordance with the award, the sum of $1,-420.00, but that they had consistently refused to accept that amount.

The case was tried before Judge W. H. Grimball and a jury at the April, 1933, term of Court of Common Pleas for Anderson County. A witness for the plaintiffs, Dan Brown, testified that he had been a building contractor and a retail lumber dealer for about twenty-five years; that he had made an examination in September, 1932, of what was left of the house after the fire; and that in his opinion the "salvage or proportion of the house left" was worth $667.74. On cross-examination counsel for the defendant asked him the following question: "What do you figure the sound value of the building?" Over objection of counsel for plaintiffs, the Court permitted the witness to answer, which he did as follows: "I arrived at the sound value of that build-

ing by taking the amount of the salvage as estimated and adding to that the amount of the fire loss, that is, the material and the labor to recondition the building, putting it back in the condition it was before the fire; by adding these two together I arrived at the sound value as being $2,032-.29."

George E. Lafaye, the appraiser named by the defendant, testified, over objection, that the value of the portion of the building destroyed was fixed by the appraisers at $757.93; that "we figured the value of what was destroyed and the value of what remained, and the two together is the cost of reproducing the house. We figured it was $1,376.26. That's the value of the remaining part of the house. The cost, or, in other words, the damage was $757.93. Those two figures together would give you the cost of reproducing that house, which is $2,134.19."

The award of the appraisers, introduced in evidence by the defendant was as follows:

"We find the value of the building as per policy.$4,000.00
"We find the value of the salvage or proportion
of the building remaining (without reference to rebuilding) to be................ 300.00
"We find the proportion of the building destroyed by fire to be 35½ Per cent of the building.
"Witness our hands and seals at Anderson, South Carolina, this thirty-first day of January, 1933.

"George E. Lafaye,
"F. R. Sweeny."

It appears that the appraisers also made in writing an itemized "estimate of salvage and fire damage," which, over objection, was likewise admitted in evidence. This paper, no part of the award, purported to show the estimated value of the salvage to be $1,376.26 and the damage to be $757.93. At the close of the testimony the Court, on motion

of the defendant, directed a verdict for the plaintiffs for $1,420.00, with interest from December 20, 1932. Plaintiffs appeal.

The main question presented for consideration is whether the award as made was valid.

Much has been said in regard to the correct rule to be applied in determining the amount of an insurer's liability in a case where there has been a partial loss by fire under a "fixed-value" policy. In the somewhat recent case of *Ford v. Fire Insurance Company*, 139 S. C., 212, 137 S. E., 678, 679, the issue was whether the·loss, being a partial one, should be determined by reference to the sound value of the property at the time of the fire or by reference to the agreed value as fixed in the policy. The appraisers in that case made an award in which they found "the value of the building as per policy $4,000.00, and the loss by fire two-thirds thereof, making the loss $2,666.66." They also included in the award the following statement: "We further find that the actual value of the building at the time of the fire to be $3,000.00, and the loss $2,000.00." The method followed by the appraisers in determining that the fractional damage to the building was two-thirds of its value was not made to appear in the record, and was not a question before the Court. The respondent expressed no dissatisfaction with what had been done, and the only contention made by the defendant was that, "as the actual value of the building at the time of the fire was $3,000.00, and the actual loss $2,-000.00, its liability should not be more than two-thirds of $3,000.00." It is seen, therefore, that the Court was concerned only with the question, as stated in the opinion, whether defendant's liability amounted to $2,000.00 or to $2,666.66. In regard to this question it held, under its construction of the statute (Section 7977 of Code 1932), and under the case of *Aiken v. Home Insurance Company*, 137 S. C., 248, 134 S. E., 870, that the sound or actual value of the property at the time of the fire, however arrived at,

and the loss in relation thereto, are not to be considered by the appraisers in making their award. The following language was used in the opinion: "As the agreed value must be accepted whether it is the actual value or not, it follows that the amount of any partial loss must necessarily be determined by reference, not to the actual or sound value, but to the agreed value as fixed in the policy." This was all that was decided in that case. Certainly, it cannot be construed as holding, as the trial Judge seemed to think, that the legal method of ascertaining the loss, where an insured building is partly destroyed by fire, is to find the proportionate part of the building damaged in relation to the whole building, and then determine the loss by treating the percentage of the building destroyed as the equivalent of such percentage in relation to the value of the building as fixed in the policy.

In the more recent case of *Bruner v. Automobile Insurance Company,* 165 S. C., 421, 164 S. E., 134, the trial Court, at the request of the plaintiff, charged the jury as follows: "In the case of partial loss by fire, in order to determine the same, the jury will take the agreed value as stated in the policy, and from it subtract the value of the salvage or proportion of the house remaining after the fire, as they find the same from the preponderance of the evidence, and the result will give the amount of damage, as contemplated in law."

On appeal, this Court, in an opinion by Chief Justice Blease, held that the law, as charged by the trial Judge, was a correct announcement under the authority of the *Ford case,* "as to the liability of a fire insurance company for loss under a policy in which the value of the building is stated and agreed upon by the company and the insured." The Court further observed: "We deem it altogether unnecessary to enter into a discussion of the holdings and apparent conflicts in the *Columbia Real Estate* [132 S. C., 427, 128 S. E., 865], and *Aiken cases.* Conceding with appellant's counsel that the decisions rendered in those two cases are

not in entire harmony, we may say that it was the purpose of the Court in the *Ford case* to announce what the justices, who participated therein, conceived to be the proper construction of the statute mentioned. A further examination of the statute is convincing that the construction given its language in the opinion of Mr. Justice Stabler in the *Ford Case* was correct, and, in the case at bar, we take the opportunity to announce our approval of that construction. If any holding in either the *Columbia Real Estate case* or in the *Aiken case* is in conflict with any holding in the *Ford case,* the holding in the latter case, as the last expression of this Court, will be followed by us."

The trial Judge in the case at bar concluded that the charge of the Court objected to in the *Bruner case* was uncertain or ambiguous, and that as the Supreme Court had approved it and also reaffirmed the decision in the *Ford case,* it appeared to him that there was a conflict in the two holdings. It seems clear, however, when the two decisions are properly considered and analyzed, that he was wrong in his conclusion. We have already directed attention, in our consideration of the decision in the *Ford case,* to the question, and the only one, there decided. In the *Bruner case* while affirming its previous holding in the *Ford case,* the Court held, in passing upon the issue before it, that the proper method for ascertaining damages to a partially destroyed building by fire, in a suit on a "fixed-value" policy, was by subtracting the value of the salvage from the value of *the building as fixed in the policy,* and that this method was a proper one, notwithstanding the amount recoverable was more than the estimated or the actual cost of reconstruction. The language used could not be plainer, and there can be no uncertainty as to the rule laid down in the two cases, when they are read together. Of course, the manner or method of arriving at the value of the salvage is a matter that must be left largely to the good judgment and fairness of the appraisers.

It is evident, under the rule laid down by the Court in the decisions named, that the award attempted to be made in the case at bar is invalid, whether considered alone or in connection with the testimony offered by the defendant in explanation thereof. The trial Judge was therefore, in error in directing the verdict as he did.

While this conclusion makes it unnecessary to consider other questions raised by the appeal, we may say, in passing, that it was error to admit testimony for the purpose of showing the sound or actual value of the building at the time of the fire. Also, that it was error to admit evidence relating to the cost of repairs for the purpose of determining the extent of the loss. *Bruner v. Automobile Insurance Company, supra.*

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.